[No. 6123.]

## EUSTACHE MEROUX *v.* CHARLES M. WEBER.

VENDOR'S LIEN — TITLE BY SUCCESSION.—In 1854, Weber sold certain lands in San Joaquin County to Meroux, who paid part of the purchase-price and gave his note for the balance. In 1858, Meroux died intestate, leaving a widow and two sons aged three and five years respectively. The estate was never administered upon. A year afterwards Weber, in an action

against the widow and the children, the latter appearing by their guardian *ad litem,* obtained a decree of the District Court enforcing a vendor's lien upon the land, in pursuance of which the land was subsequently sold to Weber : *held,* that the decree, so far as it affected the title of the children by succession, was valid, and they could not, after attaining majority, maintain ejectment for the land.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Ejectment commenced September 18th, 1876, for fifty-six acres of land near the City of Stockton. The land was sold by the defendant, Weber, January 21st, 1854, to Eustache Meroux, father of the plaintiff, who paid part of the purchase-price and gave his note for the balance due. Meroux died February 10th, 1858, intestate, leaving a widow and two sons—the plaintiff, who was then three years old, and a brother aged five years. There was no administration of the estate. In November, 1858, Weber filed a bill in the District Court making the widow and children defendants, and alleging that decedent left no other property of any description than the land in controversy ; that he, Weber, had sold the land to decedent, who had given the note set out in the complaint for a part of the purchase-price, and that there was no other security for the debt ; that decedent owed no other debts, and that no letters of administration had been issued upon the intestate's estate. He asked for a decree enforcing his lien by a sale of the land. Service was made upon all the defendants, and the children, including the plaintiff in this action, appeared by their guardian *ad litem.* The widow did not appear. Subsequently the Court filed findings to the effect that the allegations of the complaint were true, and made a decree as prayed for. Under the decree the land was sold June 11th, 1859, Weber being the purchaser, and six months thereafter, no redemption having been made, the Sheriff executed a deed to Weber for the land. Weber has been in possession continuously since.

In this action the plaintiff claims by succession. Judgment was rendered for the defendant, and the plaintiff appealed.

*Terry, McKinne & Terry*, for Appellant.

The plaintiff, being heir of Eustache Meroux, deceased, and no administrator having been appointed, is entitled to possession of the land, and may maintain ejectment for its possession. (*Updegraff* v. *Trask*, 18 Cal. 458.)

The judgment of the District Court in *Weber* v. *Meroux* is a mere nullity, as it affirmatively appears from the judgment-roll, to try or determine said action. "The general definition of jurisdiction is the power to hear and determine; and as applied to a particular claim or controversy, is the power to hear and determine that controversy." (*C. P. R. R. Co.* v. *Placer County*, 43 Cal. 365.) No action could be maintained against a deceased unless there is an administrator or executor. (Belknap's Probate Law, sec. 136; *Harwood* v. *Mayre*, 8 Cal. 580.) It is submitted that the judgment should be reversed, and judgment entered for the plaintiff on the findings.

*J. B. Hall* and *W. L. Dudley*, for Respondent.

The case of *Weber* v. *Meroux's Heirs* having been tried and judgment rendered therein prior to the Code of Civil Procedure, to wit, in 1859, it will be presumed that every material averment of fact was proven and found by the Court. By this rule it must be implied that the Court found that the debt due to Weber for purchase-money was the only debt against the estate of the deceased.

The complaint of *Weber* v. *Meroux's Heirs* stated a case in equity of which the District Court had constitutional jurisdiction. Neither the taking of the note nor the delivery of a conveyance by Weber barred the right of resorting to a Court of Equity for a decree declaring the land bound for the payment of the consideration money—the land still being in the vendee's hands, and the note in the vendor's. (*Walker* v. *Sedgwick*, 8 Cal. 398; *Baum* v. *Grigsby*, 20 Cal. 172; *Sparks* v. *Hess*, 15 Cal. 186; *Hill* v. *Grigsby*, 32 Cal. 55; 2 Story's Eq. Jur. sec. 1217–19.) It was claimed in the Court below that inasmuch as the record in *Weber* v. *Meroux's Heirs* did not show presentation

of his claims to an administrator, the judgment in that case, and all proceedings under it, are absolutely void. But the record shows, also, that no administration had been granted, and, in fact, no personal estate to administer, and no estate at all except this tract of land. It was, therefore, impossible to present the claim.

A presentment to and allowance by an administrator—if such there had been—and Probate Judge, would not have imparted to this claim any standing or efficacy which it did not have without such presentment and allowance. This proceeding could not affect the status of the claim in a Court of Equity. The lien for purchase-money, where the land is conveyed, is the creature of that Court, and the claim to such lien can only be made by resorting to that Court, and the lien itself does not arise elsewhere than in a Court of Equity after the claimant and the property are brought within its jurisdiction. There was no other estate which could have been reached by means of the statutory presentment and allowance. These proceedings could not have afforded any remedy. And even though the land may have been reached in that way in the Probate Court, that fact could not divest the District Court of its jurisdiction, and deny the vendor his remedy there directly against the land. The jurisdiction of the District Court attached, if the facts of the sale, conveyance, and unpaid purchase-money existed; no other fact was essential. The presentation of these facts to an Administrator and Probate Judge, and their indorsement of the truth of them, would not have made a better case in equity for presentation to a Court of that character. Such preliminary presentation and approval would not have tended to initiate the equitable right, which was to enforce the trust with which equity would charge the land for the satisfaction of the consideration money. (Story's Eq. Jur. sec. 1217; *Sparks* v. *Hess, supra; Baum* v. *Grigsby, supra; Williams* v. *Young,* 17 Cal. 403; 21 Cal. 227; *Griggs* v. *Clark,* 23 Cal. 427.)

A Probate Court has no power over trusts of this nature. The right of a creditor to such a lien—being a right " of no operative force or effect until established by decree of the

Court "—did not constitute a claim within secs. 128–136 of the Act " to regulate the settlement of the estates of deceased persons." In fact, there does not exist such a claim until after suit brought in equity, and, of course, no presentation to an administrator is possible. (*Bush* v. *Lindsay*, 44 Cal. 121; *Haverstick* v. *Truedell*, 51 Cal. 431.) The presentation and allowance placed the claim so acted on " among the acknowledged debts of the estate, to be paid in due course of administration." (Sec. 133, Probate Act 1851.) This is the utmost extent of the effect of such action by the officers of the Probate Court. It is equivalent to a judgment for payment in due course of administration. It does not establish any right or lien, incident to a claim, recognizable only in a Court of Equity. It is a judgment at law against the personal representative; but this judgment is not a condition precedent to the suit in equity—certainly not where, as here, there was nothing to be applied to the debt in advance of the land itself. The District Court having complete jurisdiction of the subject or cause of action, the parties and the property, it is a matter of no importance that the claim was not presented to an administrator, even though there had been such an officer, and Weber bound to present this debt for allowance. If for the failure to present it the judgment should have been for the defendants, it was merely error within the jurisdiction—remediable by appeal.

The appellant as a minor defendant to the decree, in *Weber* v. *Meroux*, was not entitled to a reservation therein of a day to plead after he attained twenty-one years of age. Where the Court has power to decree the sale of property to pay debts, and the minor has appeared by guardian *ad litem*, he is bound. (*Ralston* v. *Lahee*, 8 Iowa, 23; *Regla* v. *Martin*, 19 Cal. 463; *Joyce* v. *McAvoy*, 31 Cal. 273; *Walsh* v. *Walsh*, 116 Mass. 377; Freeman on Judgments, sec. 513; Civ. Prac. Act, secs. 9, 10, 13, 14, 29.)

And if the decree is absolute when the infant was entitled to a day, at his majority, to plead, the decree will not be void for that reason. The infant cannot attack it except for error directly by appeal, or for fraud or collusion by bill of review.

The sale under the decree and conveyance to Weber by the

Sheriff vested all the title of each and every party to the suit, including the title of this appellant, in the Sheriff's grantee—the respondent here. (Freeman on Judgments, sec. 365, and cases there cited.)

By the COURT:

The plaintiff claims title to the real estate in controversy by succession as one of the heirs of his deceased father. There was no administration upon the estate of Meroux, deceased. The defendant claims title under a decree of the District Court declaring and enforcing a vendor's lien in an action brought by the present defendant against the present plaintiff and the others who claimed title by succession from Meroux, deceased.

That decree is not void. That Court had jurisdiction of the parties and the subject-matter of the action, and also to declare and enforce a vendor's lien ; and its jurisdiction in that respect is not dependent upon the question whether all those who might have been bound by the decree were parties to the action. The title upon which the plaintiff now relies was before the Court in that action, and was charged with the lien ; and the decree, so far as it affected the plaintiff's title by succession, is valid. There would be more force in the objection to the decree if the decree could be held to operate so as to deprive the Probate Court of the power to subject the property to administration in the usual manner, as belonging to the estate of Meroux, deceased ; but there is no ground upon which such an effect could be attributed to the decree.

Judgment affirmed. Remittitur forthwith.