[No. 18216.   Department One.—January 6, 1894.]

## SAN JOAQUIN LAND AND WATER CO., Respondent *v.* J. L. BEECHER, Appellant.

Corporations—Subscription to Shares Before Organization—Action for Calls.—A subscription for shares of the capital stock of a corporation, subsequently to be formed, will sustain an action by the company, on its complete incorporation, against the subscribers to recover calls duly made upon the stock.

Id.—Executory Contract—Effect of Organization—Acceptance by Corporation.—An agreement for the formation of a corporation and for the taking of a specified number of shares therein by each of the parties to the agreement, as to incorporating, is executory, but when the promoters meet and organize the corporation under the name, for the objects, and with the capital stock and the number of shares as specified in the agreement, and name the parties to the agreement, with the shares subscribed by each, in the articles of incorporation, as subscribers to the capital stock to the extent of the shares agreed to be by them respectively taken, it is an acceptance by the corporation of such parties as stockholders, and they are thereby and thenceforth bound as such.

Id.—Validity of Corporations—Stockholders—Signature to Articles Not Executed.—It is not necessary to the validity of the corporation or to the subscribers who agreed to its formation becoming stockholders, that they should all sign the articles of incorporation.

Id.—Issuance of Certificates Unnecessary.—To constitute the subscribers to an agreement for the formation of a corporation stockholders of the corporation it is not necessary that the certificates of stock should have issued to them.

Id.—Election of Directors—De Facto Officers—Levy of Assessment.—Where the board of directors of a corporation have been nominally elected, organized as a board of directors, and acted as such, their acts as *de facto* officers in levying an assessment upon the subscribed capital stock are valid.

Id.—Assessment Upon Subscribed Stock—Statutory Form of Notice. When an assessment is properly levied upon the subscribed capital stock of a corporation, the fact that the notice describes the assessment as levied upon the capital stock of the corporation instead of upon the subscribed capital stock, does not render the notice defective, that being the form of notice prescribed by the statute, which the legislature had authority to designate.

Appeal from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion.

*James H. Budd, J. E. Budd,* and *W. L. Dudley,* for Appellant.

No action lies against members of a corporation to recover assessments by subscribing for shares of stock when there is no express agreement to pay such assessment, and the only remedy, if any, is the sale of the delinquent shares pursuant to statute. (*Andover T. Co.* v. *Gould,* 4 Am. Dec. 80; *New Bedford T. Co.* v. *Adams,* 5 Am. Dec. 81; *In re South Mountain Consolidated Min. Co.,* 8 Saw. 366; *Atlantic Cotton Mills* v. *Abbott,* 9 Cush. 424.) The mere signing of the agreement did not make the defendant a stockholder or corporator. (*West* v. *Crawford,* 80 Cal. 28, 29; *Mudgett* v. *Horrell,* 33 Cal. 25; *California S. M. Co.* v. *Schafer,* 57 Cal. 396; *Dorris* v. *Sweeney,* 64 Barb. 636.) There is nothing in the codes of this state concerning corporate organization, or authorizing the formation of corporations, that gives any effect to any preliminary agreement to become a stockholder in a proposed corporation, and consequently the agreement itself cannot have such legal effect. (Civ. Code, secs. 285, 296.) There are but two ways under the corporation law of this state in which a person may become a stockholder of a corporation: 1. By subscribing to the articles of incorporation; 2. As successors of such subscribers. (Civ. Code, sec. 296; *Sedalia W. & S. Co.* v. *Wilkerson,* 83 Mo. 235; *California S. M. Co.* v. *Schafer,* 57 Cal. 398; *West* v. *Crawford,* 80 Cal. 28; *Monterey etc. R. R. Co.* v. *Hildreth,* 53 Cal. 123.)

*Baldwin & Campbell,* and *S. D. Woods,* for Respondent.

A corporation clearly has the right to collect an assessment by suit, notwithstanding the right to sell the stock for delinquent assessment. (*Buffalo and New York City R. R.* v. *Dudley,* 14 N. Y. 336; *Goshen Turnpike Co.* v. *Hurtin,* 9 Johns. 217; 6 Am. Dec. 273; *The Dutchess Cotton Manufactory* v. *Davis,* 14 Johns. 238; 7 Am. Dec. 459; *Spear* v. *Crawford,* 14 Wend. 21; 28 Am. Dec. 513; *Small* v. *Herkimer Mfg. Co.,* 2 N. Y. 330; *Lake Ontario etc. R. R. Co.* v. *Mason,* 16 N. Y. 452.) A subscriber

for stock is liable to a personal action on his sub-
scription. (*Marysville Electric L. & P. Co.* v. *John-
son,* 93 Cal. 538; *Hartford and New Haven R. R. Co.* v.
*Kennedy,* 12 Conn. 499.) It is true that in this sub-
scription there is no express promise to pay for the stock.
The obligation to pay from the agreement to take, how-
ever, is implied, and an express promise is not requisite.
(*Buffalo & New York City R. R.* v. *Dudley,* 14 N. Y. 336;
*Spear* v. *Crawford,* 14 Wend. 20; 28 Am. Dec. 513; *Hart-
ford & New Haven R. R. Co.* v. *Kennedy,* 12 Conn. 499;
*Lake Ontario R. R. Co.* v. *Mason,* 16 N. Y. 452; Morawetz
on Private Corporations, secs. 129, 149; *Renssalaer &
Washington Plank Road Co.* v. *Barton,* 16 N. Y. 457;
*Nulton* v. *Clayton,* 54 Iowa, 425; 37 Am. Rep. 213; *Upton*
v. *Tribilcock,* 91 U. S. 45; *Waukon & Miss. R. R. Co.* v.
*Dwyer,* 49 Iowa, 121; *Dayton* v. *Bórst,* 31 N. Y. 437;
Cook on Stock and Stockholders, sec. 69; Thompson
on Liability of Stockholders, sec. 105.) The prelimi-
nary agreement inures to the benefit of the corporation
when formed. (*Marysville Electric L. & P. Co.* v. *John-
son,* 93 Cal. 538; *San Joaquin L. & W. Co.* v. *West,* 94 Cal.
399.) It is not necessary that the subscribers should
sign the articles of incorporation. (Wood's Field on
Law of Corporations, sec. 77; *Poughkeepsie & Salt Point
P. R. Co.* v. *Griffin,* 21 Barb. 454.) Those who sign
articles of incorporation act as the agents of the others.
(*Monterey etc. R. R.* v. *Hildreth,* 53 Cal. 129.) Signing a
preliminary agreement to take stock makes the signers
stockholders of the corporation; the subscription being
accepted by the corporation when formed. (*Lake Ontario
etc. R. R. Co.* v. *Mason,* 16 N. Y. 452; *Red Wing Hotel
Co.* v. *Fredericks,* 26 Minn. 112; *Nulton* v. *Clayton,* 54
Iowa, 425; 37 Am. Rep. 213; *Twin Creek etc. Turnpike
Co.* v. *Lancaster,* 79 Ky. 552.) No formal acceptance by
the corporation is necessary to enforce its subscription.
(*Strasburg R. R. Co.* v. *Echternacht,* 21 Pa. St. 220; *Bul-
lock* v. *Falmouth etc. Turnpike Co.,* 85 Ky. 184.) It will
be presumed that the incorporators accepted the char-
ter. (*Spring Valley Water Co.* v. *San Francisco,* 22 Cal.

434.)    It is not necessary that certificates of stock be issued to persons subscribing, to bind them to their subscription and make them liable for the payment of assessments.   (Civ. Code, sec. 323; *California Southern Hotel Co.* v. *Callender*; 94 Cal. 120; *Mitchell* v. *Beckman*, 64 Cal. 117.)

SEARLS, C.—This is an appeal from a final judgment in favor of the corporation plaintiff, and from an order denying defendant's motion for a new trial.

On the nineteenth day of November, 1887, the defendant and over sixty other persons entered into a written agreement with each other and one with the other to form a corporation under the name of the "San Joaquin Land and Water Company," for the purpose of procuring water rights, purchasing and constructing dams, reservoirs, canals, aqueducts, etc.; and to conduct, supply, and sell water, for mining, farming, irrigation, and other purposes; to buy, sell, let, cultivate, and improve lands, etc., in certain named counties of the state of California.   The capital stock of the corporation, it was provided, should be one million dollars, divided into ten thousand shares of one hundred dollars per share.

The parties to the agreement each agreed to take the number of shares set opposite his name thereunto subscribed, and to pay twenty per cent of the par value of the shares so subscribed, within five days after the articles of incorporation were filed in the office of the county clerk of the county of San Joaquin, payments to be made to F. M. West, at the Stockton Savings and Loan Society, at Stockton, California.

They further nominated and appointed L. U. Shippee, J. L. Beecher (the defendant and appellant herein), and George Gray, as their agents and the agents of the corporation to be formed, to negotiate for the purchase of any one or more water rights, canals, reservoirs, etc., for said corporation, and to pay for the same by drawing from West the money to be paid in by them under the contract, and further provided that all contracts of the

agents should be binding upon them and the corporation to be formed. The contract was signed by all the parties thereto, the appellant included, and the number of shares subscribed by each affixed to his name, the aggregate of all the shares subscribed being in excess of three thousand, of which number the appellant herein subscribed for one hundred shares.

Questions growing out of and relating to the validity of this agreement have been twice before this court for adjudication, viz., in *West* v. *Crawford*, 80 Cal. 19, and in *San Joaquin Land and Water Co.* v. *West*, 94 Cal. 399. In each of these cases the body of the agreement above specified is set out at length, hence it is not deemed necessary to repeat it in full here.

On the seventeenth day of December, 1887, appellant and a majority of the persons who had signed said agreement, including persons who had subscribed for a majority of the shares of stock therein subscribed, met in the city of Stockton, county of San Joaquin, California, and organized for the purpose of forming a corporation in accordance with the agreement.

The appellant herein was selected, and acted as the presiding officer of said meeting. Nine of the persons who had signed the agreement of November 19th, including the appellant, were selected, voted for by the parties to the agreement, and elected directors of the corporation for the first year. A committee to prepare a set of by-laws was appointed, and an attorney chosen to prepare articles of incorporation.

A list of the subscribers to the capital stock was ordered to be placed in the hands of the president (appellant), until such time as the directors should be elected and qualified. Articles of incorporation of the "San Joaquin Land and Water Company" (the plaintiff and respondent herein), were prepared with the name, capital stock, number of shares, and for the objects and purposes specified in the agreement aforesaid, and with the shares subscribed and names of subscribers as in said agreement, which articles of incorporation were signed

by the nine persons who had been selected as directors, who duly acknowledged the same (appellant included), on the nineteenth day of December, 1887, before a notary public, and thereafter, and on the twentieth day of December, 1887, said articles so executed were filed in the office of the county clerk of the county of San Joaquin, Stockton, in said county, being named as the principal place of business of said corporation.

A certified copy of the articles was duly filed in the office of the secretary of state for California, and on the twenty-first day of December, 1887, a certificate of incorporation of respondent was duly issued by said secretary of state under the seal of the state of California.

On December 23, 1887, the board of directors met at the office of appellant, and organized by electing appellant president to act until by-laws were adopted, and transacted corporate business, such as issuing a call for a meeting of stockholders for January 14, 1888, to adopt by-laws, appointing a committee of three, including appellant, with full power to purchase water right, etc.

Appellant, as such president, gave notice, etc., of the meeting of stockholders as provided for by the directors, which meeting assembled January 14, 1888, pursuant to call. Appellant called the meeting to order, stated its object, and it appearing upon a call that stockholders representing two thousand two hundred shares of the subscribed capital stock were present, and that number being a majority of the capital stock subscribed, viz., a majority of three thousand three hundred and two shares. By-laws were thereupon adopted, a board of nine permanent directors elected, to which board power to purchase water rights was unanimously granted. On the same day the new board of directors organized by selecting L. U. Shippee as president, George Winter as secretary, and appellant as treasurer. Thereupon other corporate business was transacted.

Appellant acted for a time as treasurer of the corporation, and paid to it the twenty per cent on the one hun-

dred shares of stock subscribed by him in the agreement of November 19, 1887.

Under the by-laws the board of directors held monthly meetings at the office of the corporation, in the city of Stockton, on the first Thursday of each month.

On the 7th of August, 1890, the corporation being largely in debt, levied an assessment of ten dollars per share upon the subscribed capital stock of the company, payable September 20, 1890, etc., and provided for giving notice thereof as provided in sections 337–39 of the Civil Code. Notice was given of the levy of the assessment, in which notice it was stated that "an assessment of ten dollars per share was levied upon the *capital stock* of the corporation," which notice, appellant contends, should have stated *upon the subscribed capital stock.*

On October 3, 1890, at a meeting of the board of directors, the assessment was declared delinquent, and a resolution adopted waiving proceedings for collecting such assessment by sale, etc., and electing to collect the assessment by action at law, etc., as provided in section 349 of the Civil Code, whereupon, after notice and demand, this action was brought, a trial had before the court without a jury, and, upon the written findings filed, judgment was entered in favor of plaintiff and against defendant for one thousand dollars and interest.

The first point made by appellant is that no action will lie against a stockholder of a corporation to recover assessments against members who subscribed for shares of stock when there is no *express agreement* to pay such assessment, and that plaintiff's only remedy, if any, is the sale of the delinquent shares pursuant to statute.

In support of this proposition we are referred to *Andover T. Co* v. *Gould,* 4 Am. Dec. 80; *New Bedford T. Co.* v. *Adams,* 5 Am. Dec. 81; *Atlantic Cotton Mills* v. *Abbott,* 9 Cush. 423; *In re South Mountain etc. Co.,* 8 Saw. 366.

These cases, except the last cited, arose in Massachusetts, in which state there was no express statute au-

thorizing an action to recover an assessment levied by
a corporation, and in which state, contrary, as we
think, to the great weight of authority, the courts hold
that a mere subscription for shares in a corporation,
without an express promise to pay therefor, or to pay
assessments thereon, raises no implied promise to pay
such assessments as may be levied by the corporation,
and that the only remedy of the latter is by a sale of
the delinquent shares under the statute.

In New York it is held that an agreement to take a
certain number of shares of the capital stock of a corpo-
ration thereafter to be formed creates, if not an express,
certainly an implied, promise to pay for the shares, and
this implied promise will sustain an action by the com-
pany, on its complete incorporation, against the stock-
holders to recover calls duly made upon the stock. The
interest acquired by the subscriber upon the incorpora-
tion of the company is held a good consideration to
support the implied promise to pay for such stock, and
raises a sufficient mutuality of contract between him
and the company to render the contract a binding one
on him. (*Buffalo etc. R. R. Co.* v. *Dudley*, 14 N. Y. 336;
Thompson on Stockholders, sec. 105; *Lake Ontario etc.
R. R. Co.* v. *Mason*, 16 N. Y. 451.)

The right of action in such cases is held cumulative
to the right of the corporation to forfeit the shares of
stock for nonpayment of calls under the statute. It is
not deemed necessary to quote the decisions at length
upon this point.

That they are not uniform is very apparent, and it
may well be concluded that to settle this disputed ques-
tion was one of the objects of adopting section 349 of
our Civil Code, which is as follows:

"On the day specified for declaring the stock delin-
quent, or at any time subsequent thereto, and before
the sale of the delinquent stock, the board of directors
may elect to waive further proceedings under this chap-
ter for the collection of delinquent assessments, or any
portion thereof, and may elect to proceed by action to

recover the amount of the assessment and the costs and expenses already incurred, or any part or portion thereof."

It will be perceived the Civil Code provides two methods for the enforcement of the liabilities of stockholders to the corporation by reason of assessments levied upon the capital stock.

One by a sale of the stock, in pursuance of the plan devised in the statute; the other by an action of law, at the option of the board of directors. The latter method would seem equally valid, and may in many cases be much more efficacious than the former.

In *In re South Mountain Consolidated Mining Co.*, 8 Saw. 366, which was the case of a mining corporation, Sawyer, circuit judge, distinguished mining corporations from the ordinary corporations, and held them to be in many particulars *sui generis* and denied an application of an assignee in bankruptcy of such a corporation for an order requiring the levy of an assessment on the stockholders for the payment of corporate debts, to be enforced by actions *in personam*, against delinquent shareholders.

That the doctrine of this case, if it can be upheld, is to be confined strictly to the class of corporations to which it applied is abundantly established by the later decisions of this court. (*Harmon* v. *Page*, 62 Cal. 459, 460; *Baines* v. *Babcock*, 95 Cal. 583.) Sawyer, J., did not, however, hold that an action could not be maintained to recover from a stockholder an assessment. In referring to that question he says:

" I am not prepared to say now, that an assessment properly levied by the directors of a corporation, under the statute, may not be collected by a personal action, instead of a sale of stock. I do not think it necessary to go so far to sustain the order of the district court, of which a review is now sought; and I therefore express no opinion upon that point either way."

Actions have been repeatedly brought and maintained without question under this section, and no good reason

is apparent why it should not be done as against the stockholder in a corporation organized like the present under the general law of the state.   (*Santa Cruz R. R. Co.* v. *Spreckels,* 65 Cal. 193; *California Southern Hotel Co.* v. *Callender,* 94 Cal. 120.)

The agreement of November 19th to form the corporation plaintiff herein, and to take the number of shares specified was, as to incorporating, executory, but when the promoters met and organized the corporation, under the name, for the objects, with the capital stock, the number of shares, etc., as specified in the agreement, and named the parties to said agreement with the shares subscribed by each, in the articles of incorporation, as subscribers to the capital stock to the extent of the shares agreed to be by them respectively taken, it was an acceptance by the corporation of such parties as stockholders, and they became thereby and thenceforth bound as such.   (*Lake Ontario R. R. Co.* v. *Mason,* 16 N. Y. 452; *Red Wing Hotel Co.* v. *Fredericks,* 26 Minn. 112.)

It was not necessary to the validity of the corporation, or to the subscribers becoming stockholders, that they should all sign the articles of incorporation.   Those who sign articles of incorporation act as the agents of the others.   (*Monterey etc. R. R.* v. *Hildreth,* 53 Cal. 129; *Poughkeepsie & Salt Point P. R. Co.* v. *Griffin,* 21 Barb. 454.)   In another action growing out of this agreement (94 Cal. 399) and in *Marysville Electric Light Co.* v. *Johnson,* 93 Cal. 538, this court held that these preliminary agreements inured to the benefit of the corporations thereafter formed, as contemplated by the agreements.

To constitute the subscribers stockholders it was not necessary that the certificates of stock should have issued to them.   (Civ. Code, sec. 323; *California Southern Hotel Co.* v. *Callender,* 94 Cal. 120; *Mitchell* v. *Beckman,* 64 Cal. 117.)

There are four separate appeals submitted here by as many defendants, depending upon the same general

principles, but differing somewhat in the evidence establishing the facts as to their becoming stockholders, and the foregoing remarks are indulged in part as applicable to all of the appellants. So far as this appellant is concerned, he signed the articles of incorporation, acted as an officer of the company, and in various ways attested his position as a stockholder in the company.

In view of the reasoning in *Marysville Electric Light Co.* v. *Johnson*, 93 Cal. 538, in *California Southern Hotel Co.* v. *Callender*, 94 Cal. 120, in *Baines* v. *Babcock*, 95 Cal. 581, and in the two appeals heretofore prosecuted in matters growing out of the same agreement involved here, all recent cases, it is not deemed necessary to extend the reasoning upon the point that the agreement of November 19th was valid and binding upon the subscribers, and sufficient, upon the organization of the corporation and acceptance by it of their subscriptions, to constitute them stockholders in the corporation which they had agreed to form, and in which they had bound themselves to become such stockholders.

The objection that the directors of the corporation were not elected by ballot, as required by law, and hence had no power to levy the assessment in question, is untenable.

1. The minutes of the secretary show that the directors were elected by ballot. (Trans., fol. 299.)

2. If not properly they were at least nominally elected, organized as a board of directors, and acted as such, and being *de facto* officers, their acts as such are valid.

It is further objected that the assessment in question, of ten dollars per share, was levied on the *subscribed* capital stock of three thousand three hundred and two shares, while the *notice* to the stockholders informed them that the board of directors had levied an assessment of ten dollars per share on the *capital stock* instead of upon the subscribed capital stock.

By section 331 of the Civil Code the directors were authorized, after one-fourth of its capital stock had been

subscribed, to levy and collect assessments upon the *subscribed capital stock* "in the manner and form and to the extent provided herein."

The three thousand three hundred and two shares of stock subscribed was in excess of one-fourth of ten thousand shares, into which the capital stock was divided, and the shares so divided became the basis for the assessment, the capital stock upon which the assessment was to be levied.

The notice required to be given to stockholders of calls must be such as the charter requires, or what, with us, is the same thing, such as the statute prescribes, and in the absence of an express provision in the charter or articles of association, or the law under which they are formed, it is said no notice is requisite. (Morawetz on Corporations, sec. 147.)

Our Civil Code, section 335, prescribes the form of a notice to be given to stockholders of the levy of an assessment, which form was followed in the present case.

In describing the assessment it describes it as being "levied upon the capital stock of the corporation" instead of upon the *subscribed* capital stock.

The legislature had authority to designate the form of notice to be given, and having done so, and the secretary having given the notice thus provided, it was sufficient.

The other matters discussed in the brief of appellant are not material to the result.

The judgment and order appealed from should be affirmed.

Vanclief, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Harrison, J., Paterson, J.