[L. A. No. 2982.   In Bank.—September 11, 1913.]

## LOS ANGELES ATHLETIC CLUB (a Corporation), Appellant, v. J. H. SPIRES, Respondent.

Corporation—Contract of Subscription—Payment of Calls—Provisions of Code Regulating Assessments.—Where a stock subscription contract·is silent as to the terms upon which the subscription is to be paid, sections 331 et seq. of the Civil Code enter into and become a part of the contract, with the result that, in the absence of provisions to the contrary therein, calls or assessments by the corporation for unpaid subscriptions can be made only upon the terms and in the manner and form in those sections prescribed.

Id.—Contract may Modify Code Provisions.—It is permissible for the subscriber, by terms expressed in his contract of subscription, to modify or waive such provisions of the code designed for his benefit, ·but unless he has done so he will be held to have entered into the subscription contract in contemplation of the protection which the code provisions afford him.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The defendant by a written contract subscribed for stock in plaintiff corporation to the par value of two thousand five hundred dollars.   Thereafter plaintiff's board of directors passed a resolution demanding payment of subscriptions and served notice of such demand on the defendant.   Upon his refusal to pay, the present action was brought.   A general demurrer was sustained to the complaint, on the ground that the provisions of the Civil Code relating to the levy of assessments had not been complied with.   From the judgment entered in favor of the defendant the appeal was taken.   The further facts are stated in the opinion of the court.

O'Melveny, Stevens & Millikin, and Walter K. Tuller, for Appellant.

John D. Pope, for Respondent.

THE COURT.—The only question demanding consideration that is presented by this appeal may thus be stated: Where a stock subscription contract is silent upon the ques-

tion, may the directors of the corporation, upon call or demand, enforce against the subscriber the full payment of the subscription and enforce his delinquency by an action in *assumpsit*, as could unquestionably be done at common law, or do the sections of the Civil Code, 331 et seq., enter into and become a part of such contract, with the result that calls or assessments for unpaid subscriptions can be made only upon the terms and in the manner and form in those sections prescribed?

This precise question has never before been presented to this court for decision. We are of the opinion that the sections referred to do enter into and become a part of the subscriber's contract, with the result that, in the absence of provision to the contrary therein, calls or assessments by the corporation for unpaid subscriptions can be made only upon the terms and in the manner and form in those sections prescribed. A careful consideration of the opinions of this court relied upon by appellant satisfies us that there is nothing therein inconsistent with this conclusion. It is still of course permissible for the subscriber, by terms expressed in his contract of subscription, to modify or waive the provisions of the code clearly designed for his benefit, but unless the subscriber has done so he will be held to have entered into the subscription contract in contemplation of the protection which the code provisions afford him.

The judgment appealed from is therefore affirmed.

Beatty, C. J., does not participate in the foregoing.