[Civ. No. 1900.  Second Appellate District.—October 11, 1917.]

## IMPERIAL LAND AND STOCK COMPANY (a Corporation), Appellant, v. FRANK F. OSTER, Respondent.

CORPORATION LAW — ACTION TO COLLECT ASSESSMENT — MATURITY OF CAUSE OF ACTION.—Where a corporation on the day specified for declaring stock delinquent for nonpayment of an assessment elects to waive further proceedings for the sale of the stock and proceed by action against the stockholder to recover the amount of the assessment, it is not required to wait until the day fixed for the sale of the delinquent stock to commence the action, since the debt had already become a fixed and matured charge against the stockholder.

ID.—COLLECTION OF DELINQUENT ASSESSMENT—REMEDIES.—On the day of delinquency in the payment of a stock assessment, the stockholder owes the money to the corporation, which has two remedies open to it, one to collect the debt as a debt simply, the other to resort to the more extraordinary proceeding of selling the stock under permission of the statute to satisfy the debt.

ID.—SALE OF STOCK—TIME.—Where a corporation on the day of delinquency in the payment of a stock assessment elects to subject the stock to a sale, the same can only be done after public notice as the statute requires, and no right of sale accrues until after due advertisement and arrival of date of sale.

ID.—CALLS FOR SUBSCRIPTION—DEMAND.—In an action to enforce a call for unpaid subscription money, where the complaint contains no allegation of any specific agreement as to time of payment of calls, and no provision of the by-laws is shown affecting the matter, the directors, in making the calls, were governed by section 331 et seq. of the Civil Code, and where followed, no further demand was necessary before suit.

ID.—EQUALIZATION OF CALLS.—A corporation has the right to call against the stock of certain stockholders for such an amount of their subscription as will produce enough money to make their payments equal to the payments already made by other stockholders.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.

The facts are stated in the opinion of the court.

F. A. Leonard, and George W. Hellyer, for Appellant.

Alfred H. McAdoo, Frank C. Sherrer, and Frank F. Oster, *in pro. per.*, for Respondent.

JAMES, J.—This is an action to recover from defendant the principal sum of one thousand six hundred dollars, which in the complaint it was alleged was owing to the plaintiff corporation by reason of an assessment levied or call made against the defendant on account of corporate stock owned by him. The complaint stated the necessary facts as to the subscription for the capital stock having been completed; it was then alleged that on the twelfth day of October, 1909, at defendant's request, plaintiff issued to him one hundred shares of its stock of the par value of one hundred dollars each, on account of which purchase there was then paid the sum of one hundred dollars. It was then alleged that at the time of the issuance of the stock it was understood and agreed between plaintiff and defendant that the defendant would pay all calls and assessments on the stock to the extent that the par value thereof remained unpaid, which unpaid amount was alleged to be, on the eighth day of November, 1909, the sum of nine thousand nine hundred dollars. It was then alleged that between the eighth day of November, 1909, and the ninth day of December, 1914, defendant had, in response to divers calls made by the corporation, paid installments upon the balance due on the stock, which payments, together with the initial payment made, amounted to the sum of $42.50 per share. It was alleged that on the ninth day of December, 1914, there had been paid on all other stock subscribed, except that issued to defendant and one Adams (the latter having paid $38.50 per share), the sum of $58.50 per share. It was further alleged that on the ninth day of December, 1914, plaintiff was indebted to divers creditors in sums aggregating more than fifty thousand dollars, and was without means with which to satisfy the claims of creditors, or to pay expenses or to conduct its business; that on the said ninth day of December, at a regular meeting of the board of directors, a resolution was unanimously adopted levying an assessment of $16 per share upon the stock held by the defendant and $20 per share upon the stock held by Adams; that in the resolution it was specified that the assessment should be immediately payable to the secretary, and that the thirteenth day of January, 1915, was the day fixed by the resolution upon which the assessment should become delinquent, and that in the same resolution the third day of February, 1915, was fixed as the date of sale of any stock which might become delinquent

thereunder; that the secretary of the plaintiff was by said resolution directed to give notice as provided by law of such assessment and to perform all other proper acts and things necessary to be done. Allegations follow showing that the proper notice of assessment was published, and it was then alleged that on the thirteenth day of January, 1915, being the day upon which the assessments were to become delinquent, the board of directors adopted a resolution whereby the corporation waived further proceedings for the sale of stock and elected to proceed by action to recover the amount of the assessment so levied. This suit was commenced on January 18, 1915. The defendant filed a demurrer, which was overruled, and later made his answer to the complaint. At the time set for trial, and preliminarily thereto, defendant objected to any evidence being offered and asked that the action be dismissed, assigning several reasons as grounds for the motion. The trial judge sustained the objection and the action was dismissed, and this appeal, taken by the plaintiff from that judgment, followed. In the judgment the court recites the grounds upon which the dismissal was ordered, which are as follows:

"1. That said action as shown affirmatively by the complaint was prematurely brought in that the complaint was filed on January 18th, 1915, while the notice of assessment contained in the complaint recited and contained the statement that defendant's stock would be sold on February 3rd, 1915, for failure to pay said assessment, and that under the law and in particular under Section 341 of the Civil Code of the State of California, defendant had the right to pay said assessment at any time before February 3rd, 1915, with the only additional penalty added for delaying until such date, of being required also to pay the actual costs of advertising.

"2. That it was not alleged in plaintiff's complaint that defendant was given or had any notice of the election by the plaintiff to proceed under Section 349 of the Civil Code before the filing and institution of this action.

"3. That it was not alleged in plaintiff's complaint that any demand was made on defendant to pay the assessment sued upon, after plaintiff had elected to proceed under Section 349 of the Civil Code.

"4. That the assessment sued upon was void under the provisions of Section 332 of the Civil Code,

"5. That the assessment sued upon was void because upon the face of the complaint said assessment affirmatively appeared to be unequal and not uniform and a discrimination against defendant.

"6. That said assessment was void under Section 333 of the Civil Code.

"7. That the election by plaintiff to proceed under Section 349 was illegal, irregular and void in that it affirmatively appeared that plaintiff was not treating defendant with equality and uniformity in that as to defendant there purported to be an election to waive further proceedings to collect the assessment by sale of the stock and to proceed by personal action, while as to the other stockholder against whom assessment was levied, there was no such purported or attempted waiver of such further proceedings."

The complaint of the plaintiff, with its amendments, to our minds, stated a good cause of action. The action was not prematurely brought because brought before the day fixed for the sale of delinquent stock. The regularity of the procedure up to and including the resolution declaring an election to be made by the board of directors to waive the sale of stock, seems not to be questioned by respondent. His position is, however, that while the board of directors had the right, under section 349 of the Civil Code, on the day specified for declaring the stock delinquent, to waive further proceedings for the sale of the stock, the right of action to collect the debt did not accrue until the day of the sale had arrived, because, he argues, up to that time he might have paid the assessment and charges and relieved himself of the debt. The infirmity of this position is that the debt had already become a fixed and matured charge against the stockholder. On the day of delinquency the stockholder owed the money to the corporation. It had two remedies open to it: One to collect the debt as a debt simply; the other to resort to the more extraordinary proceeding of selling the stock under permission of the statute to satisfy that debt. The debt being a matured charge, under the law it was the duty of the defendant to pay it, and it was the privilege of the corporation to sue for it if it was not paid. If the corporation proposed to subject the stock of the stockholder to a sale—in other words, divest him of his ownership in it—that could only be done by sale after public notice as the statute requires. No

right to sell the stock could accrue until the sale had been duly advertised and the date of sale had arrived. The case of *San Bernardino I. Co.* v. *Merrill,* 108 Cal. 490, [41 Pac. 487], is cited by respondent. That case goes no further than to hold that at the time the waiver of the right to sell stock is made, there must be a live proceeding pending, which, if pursued to its end, would result in a valid sale of the stock. In other words, if the proceeding looking to a sale of the stock is invalid, or if some step of a jurisdictional nature has been neglected, then no right of waiver exists, for the reason that there is nothing to waive. That decision does not hold that suit may not be brought in a proper case before the date fixed for the sale under the assessment.

Up to this point we have referred to the proceeding as one to collect an assessment against the stock of respondent. Actually it was to enforce a call made for unpaid subscription money. The allegations of the complaint were ample to show the contractual obligation on the part of respondent to pay the par value of the stock. Had the complaint alleged that the contract of subscription contained an agreement of respondent to pay for his stock in certain installments at specified times, we think that an action could have been directly maintained upon the promise. Such is generally the tenor of the decisions and text-books. (Cook on Corporations, 6th ed., sec. 104 et seq.) However, no specific agreement was here alleged by which the obligation of respondent to pay calls upon his stock was fixed as to the time thereof in advance. Hence his liability was to respond upon calls duly made (*San Joaquin L. & W. Co.* v. *Beecher,* 101 Cal. 70, [35 Pac. 349]), and as no provision of the by-laws of the corporation is shown which might affect that matter, the directors in making their calls were governed by the procedure outlined in the statute, which is found in section 331 of the Civil Code, and sections immediately following it. (Cook on Corporations, 6th ed., sec. 115; Helliwell on Stock and Stockholders, sec. 280.) The form prescribed by the statute was strictly followed. Notice of the assessment or call was given by publication and by mailing of the notice to respondent, and this was all the notice that respondent was entitled to in order to mature the debt and fix his liability. It was not necessary to make further demand on him before bringing suit. (See text-book of Mr. Cook mentioned above, at section 120, and cases cited.)

Some complaint is made that because all of the stockholders were not subjected to the call made, the assessment was invalid because unequal. It will be remembered that the call was only for such an amount against the stock of respondent and Adams as would produce enough money to make their payments equal to the payments already made by other stockholders. This the corporation undoubtedly had the right to do, as no inequity would result. It has been held that assessments may be so equalized. (*Brockway* v. *Gadsen etc. Co.*, 102 Ala. 620, [15 South. 431]; Cook on Corporations, above cited, sec. 114.)

In our opinion none of the grounds upon which the dismissal was ordered is tenable.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 3, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 10, 1917.