[Civ. No. 1958. Second Appellate District.—November 16, 1917.]

BELL DEVELOPMENT COMPANY (a Corporation), Respondent, v. W. A. MARSHALL, Appellant.

CORPORATION LAW—RECOVERY ON UNPAID STOCK SUBSCRIPTION—PLEAD-ING—INSUFFICIENT COMPLAINT.—In an action for an unpaid sub-scription to the capital stock of a corporation, the complaint fails to state a cause of action where there is no allegation that the plain-tiff had followed and exhausted the procedure laid down in section 331 et seq. of the Civil Code.

ID.—COLLECTION OF STOCK SUBSCRIPTIONS—PROCEDURE.—In this state, where the contract of subscription for stock is silent as to the time and manner of payment, calls for unpaid subscriptions are placed in the same class with assessments upon paid-up shares, and the provisions of section 331 et seq. of the Civil Code provide a com-plete scheme for the making of collections of each of the two kinds of obligations.

APPEAL from a judgment of the Superior Court of Impe-rial County. W. H. Thomas, Judge Presiding.

The facts are stated in the opinion of the court.

Childers & Bruce, for Appellant.

Herbert L. Iasigi, for Respondent.

WORKS, J., *pro tem.*—This is an action for an unpaid subscription to the capital stock of respondent corporation. The appellant interposed a general demurrer to the second amended complaint, the demurrer was overruled, and, the

appellant standing on the issue of law and refusing to answer, the respondent had judgment.

The pleading of the respondent alleges an ordinary demand for the payment of the subscription and the appellant's refusal to comply with the demand; but there is no allegation that the respondent has attempted to follow the provisions of section 331 of the Civil Code and those coming after it. In this state, where the contract of subscription for stock is silent as to the time and manner of payment, calls for unpaid subscriptions are placed in the same class with assessments upon paid-up shares, and the above-mentioned sections of the code provide a complete scheme for the making of collections of each of the two kinds of obligations. Suits cannot be commenced until the procedure there laid down has been exhausted, and in such a suit the complaint must show that the procedure has been followed. (*Los Angeles Athletic Club* v. *Spires,* 166 Cal. 173, [135 Pac. 298]; *Imperial Land & S. Co.* v. *Oster,* 34 Cal. App. 776, [168 Pac. 1159].)

The judgment is reversed, with directions to the trial court to sustain the demurrer.

Conrey, P. J., and James, J., concurred.