[Civ. No. 6039.   First Appellate District, Division One.—October 28, 1927.]

THE VEGETABLE OIL CORPORATION (a Corporation), Appellant, v. JOHN TWOHY, Respondent.

410

R. S. Gray for Appellant.

Sanborn & Roehl and De Lancey C. Smith for Respondent.

CASHIN, J.—The plaintiff is a corporation organized and existing under the laws of the state of Delaware, and the action was brought to recover an amount subscribed by the defendant for certain shares of the capital stock of the corporation. A general demurrer to an amended complaint was sustained, and, the plaintiff having declined to further amend, a judgment—from which the appeal was taken—was entered for the defendant.

The subscription alleged was for preferred stock, the averments of the complaint with respect to the terms of the contract being as follows: ''That on or about the 28th day of January, 1918, plaintiff's directors at a regular meeting thereof duly opened books of subscription to fill up the plaintiff's capital stock. That on or about the 20th day of March, 1920, the defendant duly subscribed in writing and agreed to take 300 fully paid and nonassessable shares of the said preferred stock of the plaintiff at the price of $110 a share, or a total price amounting to $33,000; that no definite date of payment of said subscription was stated therein, and the reasonable time for performance (without demand) by defendant in the premises expired long before but within four years preceding the commencement of this action.''

It was further alleged that pursuant to an agreement of the parties that the defendant might solicit subscriptions from others, and that such subscriptions should be applied to the subscription by him, he procured from one Frank Marten a subscription for fifty shares of the stock of the corporation at $110 per share, amounting to $5,500, which

sum was paid and credited to the account of the defendant; that no further payments were made thereon and "the plaintiff has fully performed all the terms and conditions on its part, and has always been ready, able and willing to issue and deliver to defendant upon payment therefor by him stock certificates representing the shares of its preferred stock in accordance with said subscription."

The complaint contained no allegation as to the effect of the laws of Delaware, and, in the absence of allegations to the contrary, the laws of that state must be presumed to be the same as our own (*Norris* v. *Harris,* 15 Cal. 226; *Peck* v. *Noee,* 154 Cal. 351 [97 Pac. 865]). It is the rule in California that where a subscription contract is silent as to the time of payment the provisions of the code with respect to the manner of making calls and assessments enter into and become a part of the contract (*Los Angeles Athletic Club* v. *Spires,* 166 Cal. 173 [135 Pac. 298]); and that suits for the collection of unpaid calls or assessments cannot be maintained until the corporation has followed and exhausted the procedure laid down in section 331 et seq. of the Civil Code (*Bell Development Co.* v. *Marshall,* 35 Cal. App. 324 [169 Pac. 717]).

In the present case the contract fixed no time of payment; and, other than the averment "that the plaintiff has duly performed all the terms and conditions on its part . . . ," it was not alleged that the prescribed procedure had been followed. It is contended by plaintiff that this allegation sufficiently shows that the statutory provisions in this respect were complied with; but, as held in the following cases, it is essential in order to maintain an action to collect a call or assessment that the facts which create a personal liability therefor under the provisions of the statute be alleged: *Shively* v. *Eureka etc. Co.,* 129 Cal. 293 [61 Pac. 939]; *Los Angeles Athletic Club* v. *Spires, supra*; *Bell Development Co.* v. *Marshall, supra; Bottle Mining & Milling Co.* v. *Kern,* 9 Cal. App. 527, 532 [99 Pac. 994].

In view of the above rule the complaint was insufficient and the demurrer was properly sustained.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1927.