[No. 12186.   Department One. — February 4, 1888.]

## P. EATON, APPELLANT, v. JOHN ROCCA ET AL., RESPONDENTS.

PLEADING — ACTION FOR WORK AND LABOR — PRINCIPAL AND AGENT — MINER'S LIEN. — The action was brought to recover for work and labor performed by the plaintiff as a miner upon a mine alleged to belong to the defendant Rocca, and for the value of the board of certain laborers, and to enforce a miner's lien upon the mine as the property of Rocca. The complaint alleged that the defendant Richeri had some interest in the mine, and that the debt had been contracted with him as the superintendent of the mine, acting as the authorized agent of Rocca. The evidence showed, and the court found, that the mine belonged exclusively to Rocca; that Richeri had no interest therein; and that the indebtedness was contracted by Richeri individually, and not as the agent of Rocca. *Held,* that under the pleadings the plaintiff was not entitled to a personal judgment against Richeri, or to enforce the lien against the mine as his property.

ID. — PLAINTIFF CANNOT DISPUTE ALLEGATIONS OF COMPLAINT. — A plaintiff cannot be heard on appeal for the first time to urge the rendition of a judgment in his favor, in direct contradiction of the allegations of the complaint.

MORTGAGE — ASSIGNMENT — FORECLOSURE — SHERIFF'S DEED — LEGAL TITLE. — Where a mortgagee assigns his mortgage in satisfaction of a debt

due from himself to his assignee, and the latter purchases the mortgaged property at the foreclosure sale and receives a sheriff's deed therefor, the legal title so acquired is not affected by the fact that the purchaser verbally agreed with his assignor that if he sold the property he would pay him any balance of the purchase price there might be after deducting the amount of the indebtedness previously due to him.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*F. P. Otis*, and *F. D. Nicol*, for Appellant.

*Frank W. Street*, for Respondents.

FOOTE, C.—The plaintiff, Eaton, instituted this action against John Rocca and J. B. Richeri, for the purpose of obtaining a judgment against Rocca for money alleged to be due the plaintiff for work and labor performed by him as a miner in and about a mine alleged to be the property of Rocca, and for the value of the board of certain laborers, etc. The complaint further sought to enforce the lien of Eaton as a miner upon the mine mentioned therein as the property of Rocca. It was also alleged in that pleading that Richeri claimed "some interest" in the mine, and that the debt due to the plaintiff had been contracted with Richeri as the superintendent of the mine, acting as the duly empowered agent of Rocca.

According to the evidence the plaintiff had been employed by Richeri, in his individual capacity, to work as a miner, and to board certain laborers, etc. With this contract and the work done under it, Rocca had nothing whatever to do, and was in no way privy thereto. It was a matter exclusively between Richeri and the plaintiff. The only interest which Richeri had in Rocca's mine was that Rocca had agreed that if the mine should be sold, that he, Richeri, should have from the proceeds

thereof any balance that was left after Rocca had realized from the sale of his own property what he should be out of pocket by reason of his former advancements to Richeri, by the transfer of certain mortgages upon the mine, which last was bought by Rocca at a foreclosure sale had under and by virtue of those mortgages.

The hope that something valuable might be developed in the mine by working it to some extent, seems to have animated Richeri to employ the plaintiff to work it on certain conditions; and it seems to have been Richeri's expectation that in some way the mine might be advantageously sold, Rocca be reimbursed for all that the mine had cost him, and he, Richeri, and the plaintiff get something out of it. But with all this the defendant Rocca had nothing to do, never having known of it, and never having empowered Richeri to act as his superintendent or agent, or held him out as such.

The evidence is conflicting, and the findings should not be disturbed.

According to them the allegation in the complaint that Rocca is the owner of the mine was fully proved. But the allegations that the plaintiff was employed by Richeri as Rocca's duly authorized agent and the superintendent of his mine are not proved; but the contrary is shown, and it is found that the plaintiff made his contract with Richeri, not acting as agent or superintendent aforesaid, but in his own behalf solely, he, Richeri, having no real interest in the mine upon which it is sought to enforce a miner's lien.

The plaintiff contends, in one part of his brief, that according to the evidence Richeri was the true owner of the mine, and not Rocca; that Rocca was only a mortgagee of the mine in controversy; and that as the facts show the contract to have been made with Richeri by Eaton, the work done in and about the mine and the laborers boarded, and the other things done by the plaintiff at the special instance and request of Richeri,

that the court should have so found and given judgment against Richeri that he pay the debt alleged to be due the plaintiff, and that Eaton's miner's lien therefor be enforced as against the mine described in the complaint. But this contention cannot be sustained.

The plaintiff cannot be heard in this court for the first time to urge the rendition of a judgment in his favor in direct contradiction to the allegations of his complaint filed in the trial court. There he informed the defendants by the allegations in his complaint that he would prove that Rocca was the owner of the mine, and Richeri his agent and superintendent; that the debt due him, the plaintiff, was from Rocca, as the owner of the mine, and that he claimed the right to enforce a miner's lien against Rocca's mine. The only allegation made as to Richeri, attempting to make him responsible as a party defendant, is that he claims some interest in the mine; but it is nowhere alleged that he contracted the debt upon his own account.

The court has found upon sufficient proof that Rocca was the owner of the mine, that Richeri was not his agent or superintendent, and that Rocca was in no way responsible to the plaintiff.

The evidence that Rocca was the owner of the mine was introduced to some extent by the plaintiff, and the defendants were informed by the plaintiff's pleading that Rocca was such owner.

The debt was claimed to be due from Rocca, and not Richeri. Now, as it is alleged and proved that Rocca was the owner of the mine, and as it is not alleged in the complaint that Richeri either contracted for himself or owed the debt, it is difficult to perceive upon what reasonable ground the plaintiff can claim a judgment against Richeri.

The evidence shows that Rocca was the owner of the mine, and not a mortgagee. He had taken, in satisfaction for a debt due him from Richeri, an assignment of

two mortgages on the mine in controversy. He bought the mine at a foreclosure sale, and had a sheriff's deed for it. There being no debt due him from Richeri, he had the absolute title to the mine. The fact that he verbally agreed with Richeri that if the mine was sold, that after he, Rocca, had realized sufficient money therefrom to reimburse him fully for all money which he lacked by reason of the advancements he had made to Richeri, he would give Richeri the balance, did not alter in any way the legal title which Rocca held to the mine under the foreclosure sale, for he no longer held any debt against Richeri. (*Henley* v. *Hotaling*, 41 Cal. 28; *Manasse* v. *Dinkelspiel*, 68 Cal. 404.)

Rocca was the real owner of the mine, and as he has been found not to have, through himself or agent, any contract, either express or implied, with the plaintiff, he is neither indebted to the latter, nor can his mine be subjected to the alleged miner's lien.

There could be no judgment whatever rendered against Richeri for any debt due to the plaintiff, for no facts are alleged in the complaint which set up any such demand or claim.

There could be no enforcement of any lien against the mine, as Richeri's, because it is alleged in the complaint and shown by the evidence to belong to Rocca.

There is no merit whatever shown in the plaintiff's contention as exhibited here. It is certainly not permissible to frame a complaint and try a cause upon one alleged state of facts, and then to press upon this court the propriety of considering another state of facts which do not, in fact, exist, as entitling the appellant to a reversal of a judgment, which latter state of facts, as alleged to exist, are contradictory of the allegations of his complaint.

For these reasons the judgment and order denying a new trial should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.