[L. A. No. 1807. In Bank.—July 12, 1907.]

MARTHA A. ROBINSON et al., Respondents, v. JAMES A. BLOOD, Appellant, and LA SERENA LAND AND WATER COMPANY, Respondent.

JUDGMENT BY DEFAULT—CORPORATION—SERVICE ON PRESIDENT.—A default judgment against a corporation is not void upon its face if the complaint on which it is based sufficiently states a cause of action to give the court jurisdiction of the subject-matter, and the summons was duly served on the president of the corporation, and the default and judgment were duly entered.

CORPORATIONS—SPECIAL MEETING OF DIRECTORS—PRESUMPTION OF NOTICE—RECITAL IN MINUTES.—A recital regularly entered in the minutes of a special meeting of the board of directors of a corporation that the meeting was called by order of the president raises a presumption that due notice of the meeting was given; and a finding in accordance with such presumption will not be interfered with on appeal where the evidence to the contrary is not sufficient, as matter of law, to overcome it.

ID.—DIRECTOR CEASING TO BE STOCKHOLDER.—The fact that a director of a corporation has ceased to be a stockholder does not prevent his continuing to act as a *de facto* director nor make his action void as to third persons.

ID.—CEASING TO TRANSACT BUSINESS—DEFENDING FORECLOSURE SUIT.— A corporation which was engaged in defending a foreclosure suit upon its entire property cannot be said during the period such suit was pending to have ceased the transaction of its regular business, within the meaning of the amendment of 1901 to section 358 of the Civil Code, providing that if a corporation ''shall fail for a period of two years to select officers and transact, in regular order, the business of said corporation, its corporate powers shall cease.''

ID.—CORPORATION IN EXISTENCE FOR MORE THAN TEN YEARS—EXISTENCE CONTINUES UNTIL JUDGMENT OF FORFEITURE.—Under the concluding clause of section 358 of the Civil Code, as amended in 1901, a corporation which had been in existence for fourteen years prior to such amendment, doing business as such, and claiming in good faith to be a corporation, cannot thereafter have its corporate existence questioned in an action by a judgment creditor of the corporation to enforce a stockholder's liability in a subscription to its stock. Such a corporation continues to exist until, at the suit of the state, on the information of the attorney-general, its corporate franchise is declared forfeited.

APPEAL from a judgment of the Superior Court of Santa Barbara County. Felix W. Ewing, Judge presiding.

The facts are stated in the opinion of the court.

W. S. Day, for Appellant.

Richards & Carrier, for Respondents.

SHAW, J.—This is an action by the plaintiffs as judgment creditors of La Serena Land and Water Company, a corporation, against James A. Blood, a stockholder of the corporation, in the nature of a creditor's bill to subject to the payment of the plaintiff's judgment the amount due from Blood to the corporation upon his subscription to the capital stock thereof. Judgment was entered in the court below against Blood, from which he appeals.

The defenses set up by Blood are that the previous judgment in favor of the plaintiffs against the corporation is void, both for lack of jurisdiction and because of fraud and collusion between plaintiffs and the president of the corporation in obtaining it; that the corporation at the time the former suit was begun, and for a long time prior thereto, had ceased to have a

legal existence; and that plaintiff's cause of action is barred by the statute of limitations. The evidence is contained in a bill of exceptions printed in the record.

The judgment against the corporation is not void upon its face. The complaint therein sufficiently states a cause of action to give the court jurisdiction of the subject-matter. The summons was duly served on the president of the corporation and the default and judgment were duly entered. No irregularity appears on the face of the record.

On the question of fraud in procuring the judgment, the findings are against the defendant, and they are sufficiently supported by the evidence. The corporation was sued by Blood, the present defendant, to foreclose a mortgage he held against all of its property. McNulta, the assignor of plaintiffs, was employed as an attorney to defend the action for a stipulated fee. The contract with McNulta on behalf of the corporation was made by Barker, its president, in pursuance of an authorization given him in that behalf at a special meeting of the directors. The suit of the plaintiffs was for the fees of McNulta for his services in defending the foreclosure suit. The services were performed by him in accordance with his agreement, and there is nothing in the evidence which indicates fraud, bad faith, or collusion on his part. It is urged that the directors were not given notice of the special meeting at which Barker was authorized to employ McNulta. Conceding, for the purposes of this case, that this would be a good defense, either to the present action or to the action against the corporation to recover the attorney's fees, it is sufficient to say that the resolution authorizing the contract with McNulta was regularly entered in the minutes of the corporation, which recite that the meeting was called by the president, and that this raises a presumption that due notice was given thereof. (*Granger* v. *O. E. M. and M. Co.*, 59 Cal. 681; *Balfour, Guthrie Co.* v. *Woodworth*, 124 Cal. 172, [56 Pac. 891].) The evidence given does not, as a matter of law, overcome this presumption. The court below gave credit to the presumption as against the testimony. We cannot interfere with its decision upon this conflict.

The evidence that one of the directors had ceased to be a stockholder at the time of this meeting did not prevent his continuing to act as a *de facto* director, nor make such action

void as to third persons.   (*San Jose Savings Bank* v. *Sierra Lumber Co.*, 63 Cal. 179.)

The claim that the action was barred by the statute of limitations is not urged, and it is not supported by the evidence.

The principal defense appears to be the claim that the corporation had ceased to exist before McNulta began or performed the services, and never thereafter became a legal corporation.   This claim is founded upon that part of section 358 of the Civil Code, as amended in 1901, which reads as follows: "If a corporation does not organize and commence the transaction of its business, or the construction of its works within one year from the date of its incorporation, or if, after its organization and commencement of its business, it shall lose or dispose of all of its property, and shall fail for a period of two years to elect officers and transact, in regular order, the business of said corporation, its corporate powers shall cease."

The claim is unfounded.   Before the amendment of 1901, the part of the section corresponding to the above was as follows: "If a corporation does not organize and commence the transaction of its business, or the construction of its works within one year from the date of its incorporation, its corporate powers cease."   There was no failure to organize the corporation, or to begin the transaction of its business, within the year after its incorporation.   The corporation, therefore, has had a legal existence from the time of its incorporation until the present time, unless it ceased to exist after the amendment of 1901, under the provisions of that amendment.

The action against the corporation to recover the attorney's fees was begun on August 22, 1903.   The corporation did not lose all of its property until June 28, 1903, at which time its right of redemption under the sale in the foreclosure suit expired.   The conditions on which the corporate powers would cease, under the part of the amendment above quoted, did not occur until after the latter date, at all events.   The corporation was engaged in defending the foreclosure suit upon its property, which appears to have been the only business it had. While so engaged it cannot be said that it was failing to transact its business in regular order.   The last act in this defense was the filing of a petition for rehearing in the supreme court, within thirty days after October 12, 1901.   Consequently there

was not, either at the time the action for attorney's fees was begun or on September 2, 1903, when the judgment therein was rendered, a failure for two years to transact the business of the corporation. The subsequent expiration of the two-year period could not affect the right of the judgment creditors to pursue the stockholders to compel payment of the judgment.

Another sufficient ground for holding that the corporation still has a corporate existence is found in the terms of the concluding clause of section 358, as amended in 1901. This clause is not included in the part above quoted. It is as follows: "The due incorporation of any company claiming in good faith to be a corporation under this part, and doing business as such, or its right to exercise corporate powers, shall not be inquired into collaterally in any private suit to which such *de facto* corporation may be a party; but such inquiry may be had at the suit of the state on information of the attorney-general; provided, however, as to any company claiming in good faith to be, and which has been doing business for ten consecutive years as a corporation, no such inquiry shall be made either by the state or by any person whatsoever." This corporation was organized in 1887, and, so far as appears, it claimed in good faith to be a corporation, and did business as such from that time until the passage of this amendment in 1901. Under this clause, no inquiry as to its corporate powers can be made in this action. Furthermore, immediately after the part of the section first above quoted occurs this clause: "and the said corporation may be dissolved at the instance of any creditor of the said corporation, at the suit of the state, on the information of the attorney-general." In *San Diego Gas Co.* v. *Frame,* 137 Cal. 441, [70 Pac. 295], under a law similar in all respects to this part of section 358, it was held that the corporation continues to exist until, in a suit for that purpose, its corporate franchise is declared forfeited.

This disposes of all the points presented by the appellant in support of his appeal.

The judgment is affirmed.

McFarland, J., Sloss, J., Lorigan, J., Henshaw, J., Angellotti, J., and Beatty, C. J., concurred.