The DeWitt County National Bank, Appellee, *vs.*
E. R. Mickelberry *et al.* Appellants.

*Opinion filed February 16, 1910.*

1. Redemption—*redemption by creditors—who may redeem.*
Section 20 of chapter 77 of the Revised Statutes, authorizing re-
demption by creditors, applies only to creditors having judgments
or decrees capable of enforcement by a sale of the land redeemed.

2. Same—*execution is not necessary if decree orders a sale of
the land.* While the language of the statute relating to redemp-
tion by creditors requires that an execution be issued and levied
on the land to be redeemed, yet no execution is necessary under
a decree in chancery which directs a sale of the premises.

3. Same—*decree creditor cannot redeem unless his decree au-
thorizes a sale.* A judgment creditor whose judgment has become
dormant, so that execution cannot be issued thereon, cannot re-
deem under section 20 of chapter 77 of the Revised Statutes; nor
can a decree creditor whose decree does not, at the time, authorize
a sale of the premises.

4. Same—*when the decree does not authorize redemption, un-
der section 20, by second mortgagee.* Where the decree in a fore-
closure proceeding by a first mortgagee orders a sale of so much
of the premises as shall be necessary to satisfy the amount due
the complainant and costs, and a sale is had for that amount, the
decree is satisfied and cannot be made the basis for redemption,
under section 20, by the second mortgagee, who was a defendant
to the suit and whose mortgage was found to be a lien by the
decree; and in such case the second mortgagee can only redeem
within twelve months of the sale, as provided in section 18.

5. Corporations—*capacity of national bank to purchase land
can only be questioned by Federal government.* The capacity of
a corporation organized under the National Banking act to pur-
chase land at a foreclosure sale can be questioned only by the
Federal government.

Appeal from the Circuit Court of DeWitt county; the
Hon. W. G. Cochran, Judge, presiding.

The DeWitt County Building Association filed a bill
against U. S. Lyons and wife to foreclose a mortgage exe-
cuted by them, and made E. R. Mickelberry, John F. Welch,

the DeWitt County National Bank and others defendants. Mickelberry and Welch answered, setting up a second mortgage executed to them by Lyons and wife, and praying that in the final decree the amount due them be fixed by the court and that provision be made for the payment of the same to them as second mortgagees. The DeWitt County National Bank answered the bill, and set up a mortgage executed to it by Lyons and wife which was subsequent to both of the other mortgages. No cross-bill was filed by either defendant. A decree of sale was rendered, which found that there was due the building association, as first mortgagee, $1336.81; that Mickelberry and Welch had a lien, as second mortgagees, for $936.62, of which amount $450 was not due; that there was due the DeWitt County National Bank, as third mortgagee, $542.50. Lyons and wife were ordered to pay the building association $1336.81, together with costs, and the other mortgages found to be due, within twenty days, and in default thereof the master was directed to sell the mortgaged premises, or so much thereof as should be necessary to realize the amount found due the complainant, and costs, and out of the proceeds of sale, after the payment of costs, to pay the liens in the order of their precedence. On September 27, 1907, the premises were sold by the master to the DeWitt County National Bank for $1407.51, the amount due the DeWitt County Building Association and costs. On December 26, 1908, Mickelberry and Welch paid to the master $1513.07, being the amount due on the certificate of purchase, and the master issued to them a certificate of redemption. The master tendered the amount received to the DeWitt County National Bank, but it refused to accept the same, and on January 27, 1909, after due notice to Mickelberry and Welch and the master, filed a motion for a rule on the master to issue to it a deed on its certificate of purchase. The court ordered the master to make a deed to the bank, and Mickelberry and Welch prosecuted an ap-

peal to the Appellate Court, which ordered the cause transferred to this court, a freehold being involved.

Edward J. Sweeney, for appellants:

If redemption is not made, any decree or judgment creditor may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises. Hurd's Stat. 1908, chap. 77, sec. 20; *Whitehead* v. *Hall,* 148 Ill. 253.

The junior mortgagee had the right, after obtaining a decree for the mortgage debt, to redeem from said sale after the expiration of twelve months and within fifteen months from date of sale, and the decree creditor is not required to sue out ,execution in order to entitle him to redeem as a decree creditor. The master, on receipt of the redemption money, may sell on the decree of the redemption creditor. Nor does the fact that the junior mortgagee was made a party to the bill deprive him of the right to redeem, as a decree creditor, after a decree finding the amount due on such junior mortgage. *Whitehead* v. *Hall,* 148 Ill. 253; *Wood* v. *Whelen,* 93 id. 171; *Morava* v. *Bonner,* 205 id. 324.

A junior mortgagee has the right, not only under the act relating to judgments or decrees, but also in equity, to redeem from the senior mortgage on foreclosure, or pay it off, and thereby become subrogated to the rights of the senior mortgagee. *Bank* v. *School Trustees,* 211 Ill. 500.

Any decree or judgment creditor of the mortgagor may redeem from mortgage sale where no one having a right to redeem within twelve months from date of sale elects to exercise that privilege. *Fitch* v. *Wetherbee,* 110 Ill. 475.

Ingham & Ingham, for appellee:

Redemption from a sale under a decree of foreclosure can be made only by a creditor having a judgment against the debtor or a creditor having a decree against the debtor;

and the judgment or decree, whichever it may be, must be unexecuted and be in a condition to be executed. Hurd's Stat. 1908, chap. 77, sec. 20.

The decree ordering the sale from which the appellants desire and claim the right to redeem has been executed. *McCullough* v. *Rose,* 4 Ill. App. 149.

It is not a mere mortgagee that has the right to redeem, but it must be a mortgagee who has an unexecuted decree that he is entitled to have executed. Hurd's Stat. 1908, chap. 77, sec. 20.

The decree finding the equities of the parties to the suit was the decree of all the parties whose equities were investigated and determined, and the sale thereunder was as much the sale of one as of the other. A party cannot redeem from his own sale. The sale in this case was for the benefit of each and all the mortgagees, parties to the suit, and each, knowing the order of priority of his lien, should have been present and protected himself. *McCullough* v. *Rose,* 4 Ill. App. 149.

Mr. Justice Dunn delivered the opinion of the court:

Section 20 of chapter 77 of the Revised Statutes provides that if redemption, as provided by previous sections of the statute, is not made, "any decree or judgment creditor, his executors, administrators or assigns may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises in the following manner: Such creditor, his executors, administrators or assigns, may sue out an execution upon his judgment or decree, and place the same in the hands of the sheriff or other proper officer to execute the same, who shall endorse upon the back thereof a levy of the premises desired to be redeemed; and the person desiring to make such redemption shall pay to such officer the amount for which the premises to be redeemed were sold, with interest thereon at the rate of six percentum per annum from the date of

the sale, for the use of the purchaser of such premises, his executors, administrators or assigns, whereupon such officer shall make and file in the office of the recorder of 'the county in which the premises are situated, a certificate of such redemption, and shall advertise and offer the premises for sale under said execution as in other cases of sale or execution." (Hurd's Stat. 1908, p. 1299.)

This section refers only to creditors having judgments or decrees capable of enforcement by a sale of the land to be redeemed. Its language requires the issue of an execution, its delivery to the sheriff and levy on the premises desired to be redeemed and an advertisement and offer of the premises for sale. It has been held that under a decree directing the sale of the premises sought to be redeemed it is not necessary that an execution should be issued and levied on the premises. Under the chancery practice no execution issues except on personal money decrees, but a decree of sale is itself the authority upon which the officer proceeds. (*Whitehead* v. *Hall*, 148 Ill. 253; *Morava* v. *Bonner*, 205 id. 321.) A judgment creditor whose judgment has become dormant, so that an execution cannot be sued out, cannot redeem under the provisions of section 20. Neither can a decree creditor whose decree does not, at the time, authorize a sale of the premises sought to be redeemed. The decree here authorized the sale only of so much of the mortgaged premises as should be necessary to realize the amount found due the complainant and costs. The premises had been sold for that amount and the decree was therefore satisfied. No authority existed for any further sale, and the decree could not, therefore, be made the basis of a redemption under said section 20. If the appellants desired to redeem from the sale made under the decree they should have done so within twelve months of the sale, under the provisions of section 18.

The objection is made that the appellee, being a corporation organized under the national Banking act, had no

244—6

capacity to purchase the land. This is a matter which does not concern the appellants but can be brought in question only by the Federal government. *Fritts* v. *Palmer*, 132 U. S. 282.

The order of the circuit court is affirmed.

*Order affirmed.*