[Department Two. — February 17, 1883.]

SAN JOSE SAVINGS BANK, RESPONDENT, *v.* THE SIERRA LUMBER COMPANY, APPELLANT.

CORPORATION — ACTS OF DIRECTOR WHO CEASES TO BE A STOCKHOLDER. — A director of a corporation, who ceases to be a stockholder during the term for which he was chosen, but continues to act as a director, no judgment of ouster having been pronounced against him, is a director *de facto,* and his acts are valid as to third persons.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*Mastick, Belcher & Mastick,* for Appellant.

*J. Alexander Yoell,* for Respondent.

PER CURIAM. — Action on a promissory note, alleged to have been executed by the defendant to D. M. Delmas, and by Delmas indorsed and transferred to the plaintiff. The defense is that the note in suit was never executed by the defendant.

It is said, and such appears to be the fact from the statement, that Hayward with four others had been regularly chosen and constituted the board of directors of the defendant corporation in October, 1878, when it (the corporation) was organized, that Hayward was then an owner of stock in the corporation, and continued to be such until the 28th of May, 1879, on which day he sold his stock, and it was transferred to the purchaser on the books of the company. The subject of the note came up for consideration at a meeting of the board held on the 1st day of August, 1879, at which time objection was made by one of the board to Hayward's acting as a director on the ground that he was no longer a stockholder of the company. Hayward acted and voted with two members of the board for the execution of the note sued on, the other members voting against it.

It is now contended that as Hayward had ceased to be a stockholder before this vote was cast, his vote was a nullity, and inasmuch as without his vote the authority to execute the note was not conferred by a majority of the board, that the note was made and delivered without authority and was void.

If, as contended, Hayward ceased to be a director when he parted with his stock, the point urged might be maintained. But in our opinion he did not cease to be such director. In fact it appears that he not only acted as director on this occasion, but subsequently during the term for which he was chosen, with the consent of all the members of the board except one.

It may be that on a direct proceeding to determine Hay-

ward's right to hold the position of director a judgment of *ouster* would have been entered against him, but his title to the place cannot be tried in this action, or impeached collaterally.   Until he was ousted on a direct proceeding he was a director *de facto*, and his acts as director would be valid as to third persons. This, in our judgment, is settled beyond controversy.   To hold otherwise would be to render insecure all the operations of corporations.

We find no error in the transcript.

Judgment and order affirmed.