[L. A. No. 364.   Department One.—September 20, 1898.]

JAMES BARRELL, Respondent, v. LAKE VIEW LAND
COMPANY, Appellant.

CORPORATION—EXECUTION OF NOTE—AUTHORITY OF ACTING SECRE-
TARY.—Records of a corporation showing authority from the
board of directors given to its president and secretary to ex-
ecute a note, and that the one who signed the note as secre-
tary and attached to it the corporate seal, authenticated
the record of the meeting of the directors conferring the author-
ity, and also the records of other meetings for a considerable
period of time prior and subsequent to the execution of the note,
are sufficient to sustain a finding that he was secretary of the
corporation when the note was executed, and was duly author-
ized as such to execute it.

ID.—ESTOPPEL.—A corporation will not be permitted, after allowing
a person to act as its secretary, and causing him to authenticate
its records, to object to the regularity of his appointment, or to
repudiate an obligation signed by him as secretary under
authority from its board of directors.

ID.—PRINCIPAL PLACE OF BUSINESS—VARIANCE—WAIVER OF OB-
JECTION.—A variance between the complaint and the evidence
as to the principal place of business of the corporation defend-
ant might be obviated, if objected to, by amendment of the com-
plaint to conform to the proof; and where no objection was
made, upon the ground of variance, to the evidence of the
authorization of the note sued upon, showing a meeting of the
directors at another place of business than that alleged, and the
defendant subsequently offered to prove that such meeting was
held at its principal place of business, the defendant cannot ob-
ject to the variance upon appeal.

ID.—REGULARITY OF MEETING OF DIRECTORS—PRESUMPTION—BURDEN
OF PROOF.—If it is not shown whether the meeting of directors
at which the note in suit was authorized was a regular or
special meeting, there is no presumption that it was a special
meeting; and it is incumbent on the corporation defendant, if
so claiming, to show that it was a special meeting, and that all
of the directors were not notified thereof.

ID.—REJECTION OF BY-LAWS AND ARTICLES OF INCORPORATION—REC-
ORD UPON APPEAL—ERROR NOT SHOWN.—Where the by-laws and
articles of incorporation of the defendant were offered in evi-
dence and rejected, but neither of them were incorporated in
the record upon appeal, error in the exclusion of them is not
shown.

ID.—DE FACTO DIRECTOR—OFFER OF PROOF.—The act of one who, at
the time of the authorization of the note in suit, was a *de facto*
director of the corporation, cannot be impeached by showing

any irregularity in his election; and an offer to prove that he was not a director is properly rejected.

Id.—Offer to Disprove Meeting of Directors—Estoppel.—An offer of the corporation defendant to disprove the meeting of the directors shown by its records, at which the note in suit was authorized, was properly rejected. The corporation, in the absence of an issue for that purpose, and of proper steps to correct its records, is estopped to show that its records, upon the faith of which plaintiff contracted with it, are false.

Id.—Statements of Director to Payee.—Evidence of statements made by one of the directors to the payee of the note, with reference to its execution and to the consideration therefor, which would not affect the rights of the plaintiff, if assented to, is properly refused.

Attachment—Collateral Security for Note—Order Refusing Discharge—Appeal—Conflicting Evidence.—Upon an application by the defendant for the discharge of an attachment upon the ground that collateral security for the note in suit had been delivered by the defendant to the plaintiff, with the note, if the note does not purport to be so secured, and there is no direct evidence of any agreement between the parties that it should be so secured, and the evidence is conflicting as to the existence of such security, the determination of the court in denying the application is not open to review upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Knight & Harpham and G. E. Harpham, for Appellant.

Mulford & Pollard, for Respondent.

HARRISON, J.—The plaintiff brought this action upon the following promissory note of the defendant, which had been transferred to him before its maturity:

"$2,250.                    Los Angeles, March 22, 1894.

"Six months after date (without grace) I promise to pay to the order of Thomas F. Mitchell Co. twenty-two hundred fifty dollars for value received, with interest at —— per cent per —— until paid, both principal and interest payable only in United States gold coin.

"[Seal]                    LAKE VIEW LAND CO.
                    "By F. E. Brown, President.
                    "W. A. Main, Secretary."

The defendant denied the execution of the note, and alleged that the signatures thereto were without authority from the board of directors of the corporation. The court found in accordance with the averments of the complaint and against the allegations of the answer. The defendant has appealed from the judgment and from an order denying a new trial.

At the trial, when the plaintiff offered the note in evidence, the defendant objected thereto upon the ground that it had not been shown that Main was the secretary of the corporation. It was admitted that at the date of the note Brown was president of the corporation, and he testified that he signed and delivered the note to the payee, and that Main signed the note and affixed the seal of the company thereto. It was also shown from the records of the meetings of the board of directors, which were produced by the secretary of the defendant, that at a meeting of said board held at Redlands, March 17, 1894, the following resolution was adopted: "On motion of W. A. Main, seconded by E. C. Webster, resolved that this corporation, by its president and secretary, execute its note to Thomas F. Mitchell & Company for twenty-two hundred and fifty ($2,250) dollars, dated March 22, 1894, due July 22, 1894, with interest." It appeared from these records of the board that Main acted as secretary from February 12, 1894, when Fish, the former secretary, resigned, until April 26, 1894, and that the record of the proceedings of March 17th was authenticated by the signature of Main as secretary. Upon this evidence the court was authorized to find that Main was the secretary of the corporation at the time when the note was executed, and that the board of directors had given authority to execute the note in the name of the corporation, and that it was duly executed. The defendant will not be permitted, after allowing Main to act as its secretary, and causing its records to be authenticated by him as its secretary, to object to the regularity of his appointment, or to repudiate its obligations signed by him under the direction of its board of directors.

In its brief herein the appellant presents as another objection to the above resolution that the meeting of the board of directors at which it was adopted was held at Redlands, whereas it is alleged in the complaint that the principal place of business of the corporation is Pasadena, and that the directors had no power

to act at any other place than at its principal place of business. This objection was not made at the trial in the superior court. When the plaintiff offered in evidence these minutes of the board, the defendant objected thereto on the ground "that it is incompetent. It don't purport to be a regular meeting of the board, and only three directors are present, and it is incompetent until it is shown that it is a regular meeting of the board, or that the other directors were notified and were not present, and until it is shown that W. A. Main was a regularly elected secretary, because until the minutes are signed by the secretary of the company they are incompetent." And in the statement of the case it specifies the insufficiency of the evidence to justify the finding "for the reason that there was no valid resolution of the board of directors of the defendant corporation introduced in evidence authorizing the execution of the note sued upon, because there was no competent proof to show that W. A. Main was the secretary of the corporation on March 22, 1894, or at any other time."

If the defendant had made this objection at the trial, the plaintiff would have had an opportunity to obviate it, either by showing that the entry in the minutes was an error, or that the allegation in the complaint was incorrect. At another stage of the trial the defendant sought to show that its principal place of business was at Redlands, and, as it must be assumed that this offer was made in good faith, it is evident that, if this objection to the minutes had been pointed out when they were offered in evidence, the plaintiff would have caused the complaint to be amended to conform therewith. The defendant cannot avail itself here of an objection which it failed to make in the superior court, especially when it appears that the ground of the objection could have been removed if it had then been made. Whether the meeting of March 17th was a regular or stated meeting of the directors, or was a special meeting, was not shown. There is no presumption that it was a special meeting (*Granger v. Original Empire etc. Co.*, 59 Cal. 678; *Stockton etc. Works v. Houser*, 109 Cal. 9.) If the defendant would claim that it was a special meeting, or that all of the directors were not notified thereof, it was incumbent upon it to introduce evidence to that effect. (Thompson on Corporations, secs. 707,

789.)   When the defendant subsequently offered in evidence the by-laws of the corporation, its counsel did not claim that it would appear therefrom that March 17th was not the day for a regular meeting, but stated that the purpose of offering them was to show that the by-laws had not provided for the waiving of the notice of regular meetings of the board of directors.   None of the by-laws are set forth in the record, and therefore it does not appear, nor can it be said, that the court erred in refusing to receive them as evidence.   Error must be shown by the appellant, and unless evidence which is excluded is incorporated in the record it cannot be determined that there was error in its exclusion.   For the same reason the refusal of the court to admit in evidence the copy of the articles of incorporation of the defendant is not available to the appellant.   It may be said in reference to this offer that upon the defendant's statement that it was offered for the purpose of showing "that the number of directors are five," it was immaterial, inasmuch as the code requires that there shall be at least five directors for a corporation.   So far as the purpose as stated by counsel was to show "who were the first directors, and perhaps to follow that up showing continuously who were the directors; to show that Mr. Webster, who purports to act here as one of the members who authorized the execution of this note, was not a director," the evidence was irrelevant, since the act of persons who were at the time of the authorization of the note in suit the *de facto* directors of the corporation cannot be impeached by showing any irregularity in their election.

The offer of the defendant to show that no meeting of the directors was had on the 17th of March was properly refused. In the absence of an issue for that purpose, the corporation will not be permitted to show that its records, upon the faith of which parties have contracted with it, and which it has itself taken no steps to correct, are false.   The court also properly excluded the offer to show by Webster what he had stated to Mitchell with reference to the execution of the note, or the consideration for it.   Such testimony would not affect the rights of the plaintiff, even if it had appeared that Mitchell had assented to the statements, or agreed with the proposition of Webster.

The defendant has also appealed from an order refusing to discharge a writ of attachment issued in the action. The application for the discharge was made upon the ground that the note sued upon had been secured by a pledge of personal property. At the hearing the evidence upon this point was conflicting, and, as the court denied the motion, it must have determined the ground urged therefor against the claim of the defendant, and its decision thereon is not open to review here. The defendant presented evidence tending to show that certain stock had been delivered with the note as collateral security therefor; but there was also evidence presented that it was not so intended. The note itself does not purport to be so secured, and there was no direct evidence of any agreement between the parties to the note that it should be secured.

The judgment and order denying a new trial, and also the order refusing to discharge the attachment, are affirmed.

Garoutte J., and Van Fleet, J., concurred.

Hearing in Bank denied.