[S. F. No. 1101. Department One.—March 30, 1899.]

## BALFOUR-GUTHRIE INVESTMENT COMPANY, Respondent, v. BENJAMIN R. WOODWORTH, Appellant.

124 169
132 97
124 169
136 545

Deed of Trust—Appointment of Substituted Trustee—Corporation—Copy of Resolution of Directors—Validity of Transfer.—Under a deed of trust executed to secure the indebtedness of the grantor to a corporation, which provided that the corporation might by a resolution of its board of directors appoint a substituted trustee in whom the title should vest upon conveyance thereto by the designated trustees, it is not necessary to the validity of the transfer that a copy of such resolution should be annexed thereto.

Id.—Evidence of Appointment—Provision in Deed.—A provision in the deed of trust that a copy of the resolution of the board of directors certified by its secretary should be conclusive evidence

that the substituted trustee had been duly appointed, does not render such copy the exclusive mode of showing that a substitution had been made, and the resolution may be proved by the records of the corporation.

ID.—SPECIAL MEETING OF DIRECTORS—PRESUMPTION OF NOTICE.—Where the resolution was spread at length upon the records of the corporation, and was authenticated by the signature of one purporting to be its secretary, the fact that it was passed at a special meeting of the directors, at which all of them were not present, and that it did not appear that notice of the meeting had been given to all of the directors, does not vitiate the resolution. In the absence of evidence to the contrary, it will be presumed that proper notice was given.

ID.—FINDING AS TO NOTICE—SUFFICIENCY OF EVIDENCE.—Evidence by the secretary that he had given notice of the meeting to each of the directors by sending to them by a messenger written notices, at least twenty-four hours prior to the meeting, in the absence of any evidence to the contrary, is sufficient to authorize the court to find that proper notice of the meeting was given.

ID.—SALE OF LANDS BY SUBSTITUTED TRUSTEE—ACTION TO QUIET TITLE—ELECTION OF DIRECTORS.—For the purposes of an action to quiet title to lands sold by a substituted trustee appointed by the directors of the corporation secured by a deed of trust, it is immaterial whether the election of the directors was regular or not, where it appears that they assumed the trust, and became, at least, *de facto* directors.

ID.—PUBLICATION OF NOTICE OF SALE—RECITAL IN DEED—OMISSION OF DATE—NEW DEED TO PURCHASER.—Where the notice of sale by the substituted trustee was in fact properly given, and was correctly recited in general in the deed to the purchaser, but there was a defective omission in the particular recital of the dates of publication, assuming without deciding the invalidity of the first deed, the powers of the trustee were not exhausted until a valid deed with proper recitals was executed by the purchaser, so as to vest in him all the title with which the trustees were vested; and a new deed to the purchaser from the substituted trustee with correct recitals in every particular, is admissible in evidence, in support of the title of the purchaser.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, and L. L. Cory, for Appellant.

Page, McCutchen & Eells, and Meux & Johnston, for Respondent.

HARRISON, J.—The appellant executed a deed of trust of certain lands in the county of Fresno, March 12, 1890, to Robert Balfour and Robert B. Forman, to secure the payment of certain indebtedness to the respondent. The deed of trust provided that, in case of any default in the payment of said indebtedness, the trustees, upon the request of the respondent, should sell the lands, after giving certain notice, and apply the proceeds to the payment of said indebtedness. It was also provided in the deed of trust that the respondent might, by a resolution of its board of directors, appoint other trustee or trustees in place of those named therein to execute the trusts, and that upon a conveyance by the designated trustees to the trustee so appointed, he should be vested with all the estate, trusts, and powers in the premises conferred upon the original trustees. November 22, 1894, the respondent appointed the California Title Insurance and Trust Company as trustee to execute the trusts under said deed, in place of Balfour and Forman, and thereupon Balfour and Forman executed to the said substituted trustee a conveyance of the lands described in the deed of trust. The appellant made default in the payment of his indebtedness to the respondent, and on January 5, 1895, the respondent requested the substituted trustee to sell the land in accordance with the terms of the deed of trust. Thereupon, after giving the notice required by the instrument, the said trustee sold the same at public action to the respondent, and on February 5, 1895, executed to it a conveyance thereof. The respondent entered into possession of the property, and subsequently brought the present action to quiet its title thereto. Judgment was rendered in its favor, and the present appeal is taken therefrom and from an order denying a new trial.

1. The transfer and assignment from Balfour and Forman to the California Title Insurance and Trust Company purported to have been executed in accordance with a resolution of the board of directors of the plaintiff, and had attached thereto a copy of such resolution, certified by the assistant secretary of the plaintiff. When it was offered in evidence the defendant objected, upon the ground that no authority for making the assignment was shown; that the assistant secretary was not competent to authenticate the resolution so as to make the transfer

effective.   It was not requisite, however, to the validity of the assignment that any copy of the resolution should be annexed thereto.   The deed of trust provided that the plaintiff might appoint another trustee by resolution of its board of directors, and "upon such appointment," and a conveyance to him by the trustees named in the deed of trust, he should become vested with all the powers vested in the trustees originally named.   The subsequent provision in the instrument that a copy of the resolution certified by the secretary should be conclusive against the grantor that the substituted trustee had been duly appointed, did not render such copy the exclusive mode of showing that the substitution had been made.   The plaintiff had offered in evidence its records containing the original resolution adopted by its board of directors for the appointment of the substituted trustee, and a request for the transfer and assignment to it.   This evidence sufficiently established the authority of Balfour and Forman to make the transfer and assignment.

When this resolution was offered in evidence, the defendant objected thereto upon the ground, among others, that it appeared to have been adopted at a special meeting of the board of directors, at which all of the directors were not present, and that it did not appear that notice had been given to all of the directors.   The resolution was, however, spread at length upon the records of the corporation, and was authenticated by the signature of one purporting to be its secretary.   In *Granger v. Original Empire etc. Co.*, 59 Cal. 678, it was held that a similar objection was of no avail; that, in the absence of any evidence to the contrary, it will be presumed that proper notice was given, and that the burden of showing the contrary is cast upon him who would impeach the regularity of the meeting.   (See, also, *Barrell v. Lake View Land Co.*, 122 Cal. 129.)   At a subsequent stage of the trial the secretary testified, upon his cross-examination by the defendant, that he had given notice of this meeting to each of the directors, by sending to them by a boy from his office written notices, at least twenty-four hours prior to the meeting.   In the absence of any evidence to the contrary, the court was authorized to find that proper notice of the meeting was given.

The objection of the defendant to the regularity of the stock-

holders' meeting at which the directors were elected was properly overruled. For the purposes of this action it was immaterial whether this meeting was properly called or not, or whether the election was by the stockholders in person or by proxy, or whether the proxies were sufficient in form to entitle the holders to vote at the election. The records of the corporation show that five persons were elected at that meeting to serve as its directors, and, whether their election was regular or not, they assumed the trust and became at least *de facto* directors. So long as they held this position unchallenged by any member of the corporation, their acts as directors were binding upon the corporation, and upon strangers dealing with it. (*San Jose Sav. Bank v. Sierra Lumber Co.,* 63 Cal. 179.)

2. The deed of trust required that, in case of a sale of the property, the trustee should publish notice of the time and the place thereof at least twice a week for three successive weeks in some newspaper published in San Francisco, and that the recitals in the deed executed upon such sale should be conclusive evidence of the facts so recited, and it was shown that notice of the time and place of sale was in fact published as required by the deed of trust. After the sale the trustee executed a deed to the plaintiff, which recited that such publication had been made "twice a week for three successive weeks" next before the day of sale, but, in specifying the days upon which the publications were made, one was omitted, so that it appeared therefrom that the notice had been published only once during one week of this period. · After the discovery of this omission the trustee executed to the purchaser another conveyance of the property, in which the days of publication were correctly recited. When this deed was offered in evidence, the defendant objected thereto, upon the ground that by the execution of the first deed the power of the trustee was exhausted; that the recitals therein were conclusive as to the days upon which the notice of sale was published, and that it was not competent for the trustee to impeach the effect of that deed by afterward executing a conveyance in a different form. This objection was overruled, and an exception thereto taken.

Without determining whether the prior deed was defective, it is sufficient to say that the purchaser at the sale acquired

the right to have the trustee execute to him a deed which would transfer to him all the title to the land which the trustee had the power to convey under its sale, and until the trustee had made such a conveyance, its power in the premises was not exhausted, and it could either be compelled to execute such a conveyance, or it could make it voluntarily when requested so to do.    One of the trusts assumed by the trustee was to execute a deed of the premises sold, and this trust continued until it had executed a deed which would vest the purchaser with all the title with which the trustee was vested, and which it purported to transfer by its sale.

3. The validity of the provisions of the trust deed was fully considered and sustained in *Sacramento Bank v. Alcorn,* 121 Cal. 379.    The power of alienation is not suspended when all the parties in interest, including the trustee and the beneficiary, can join in a conveyance and transfer a legal title.    In the present case there was no suspension of the power of alienation, since Woodworth could at any time, by paying the indebtedness to the plaintiff, receive a reconveyance of the property, or, by uniting with the trustees and the beneficiary, execute a conveyance to a purchaser.    (*Toland v. Toland,* 123 Cal. 140.)

4. Prior to commencing the present action the plaintiff had commenced a similar action against the same defendant, and, in the answer herein, this fact was alleged as a reason why the plaintiff should not recover.    Before the trial of the present action the plaintiff caused a judgment of dismissal to be entered in the former action.    This removed the objection of the defendant.    (*Moore v. Hopkins,* 83 Cal. 271; 17 Am. St. Rep. 248.)

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.