[Civ. No. 2204. Second Appellate District.—February 13, 1917.]

LUCIE E. ELLSWORTH, Respondent, v. NATIONAL HOME AND TOWN BUILDERS, Appellant.

CORPORATION—ISSUANCE OF STOCK—SERVICES PERFORMED—CONSIDERATION.—Corporate stock issued in consideration of valuable services rendered and labor performed for the corporation is not issued without consideration.

ID.—MEETING OF STOCKHOLDERS CONTRARY TO BY-LAWS — ASSENT OF STOCKHOLDERS—LEGALITY OF ACTS.—In an action to recover damages for conversion, based upon the refusal of a corporation to transfer to the plaintiff certain shares of its capital stock, which the plaintiff had acquired from a third party to whom the stock had been theretofore issued for services rendered and labor performed for the corporation, the defendant cannot contend that the issuance of the stock was unauthorized, on the ground that the stockholders' meeting at which the board of directors was elected who voted the issuance of the stock was held outside of the state under whose laws the corporation was created and in violation of the by-laws, where all the stockholders gave their consent to such meeting and participated in such election.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, and Flint, Gray, Barker & Bowen, for Appellant.

S. L. Carpenter, for Respondent.

33 Cal. App.—1          (1)

SHAW, J.—This action to recover damages for conversion is based upon defendant's refusal to transfer to plaintiff certain shares of its capital stock, evidenced by a duly indorsed certificate, No. 167, which the latter had acquired from one J. F. Clark, to whom the defendant corporation had theretofore issued the stock. Judgment went for plaintiff, from which, and an order denying its motion for a new trial, defendant appeals.

As grounds for reversal, appellant claims: (1) That the stock was issued without consideration; (2) that the issuance thereof was unauthorized by the corporation; (3) that at the time when plaintiff demanded the making of the transfer, another party, with defendant's knowledge, held an option from plaintiff's assignor for the purchase of the stock, which fact was also known to plaintiff; (4) that a transfer of the stock would be in violation of a pooling agreement to which appellant was a party, the existence of which was known to plaintiff, and (5) that plaintiff paid no consideration for the stock.

First. There is no merit in the first contention, since the uncontradicted record shows that the stock was issued by the corporation to Clark in consideration of valuable services rendered and labor performed by him for and on behalf of the corporation.

Second. The contention that the issuance of the stock to Clark was illegal is based chiefly upon the fact that defendant was a corporation created under the laws of the state of Arizona; that the by-laws of the company provided that all meetings of stockholders, whether regular or special, should, upon notice as therein prescribed, be held in Phoenix, Arizona, whereas the board of directors which authorized the issuance of the stock to Clark was elected at a special meeting of the stockholders held, without notice given as provided in the by-laws, in the city of Los Angeles, California; all of which facts appear to be true. But it is likewise true that the holders of all of the outstanding stock in writing consented to the holding of such meeting in the city of Los Angeles, and waived notice thereof, and that at the meeting so convened pursuant to such written consent, all of the stock of said corporation then issued was represented at said meeting and participated in the election of members of the board, each and all of whom received the unanimous vote of all the stock

so represented.   The board of directors so elected organized by electing officers, and in transacting the business of the corporation, assumed to and did act as the duly constituted board of directors of the company.   Appellant insists that, by reason of the stockholders' meeting being held outside of Arizona, contrary to the by-laws of the company, such meeting and all proceedings there had were without right or authority, and hence wholly void.   We cannot assent to this contention.   It may be conceded that in a proper proceeding the members of the board so elected might have been ousted from office (*State* v. *Cronan*, 23 Nev. 437, [49 Pac. 41]), but they were, nevertheless, so long as they continued to act as the duly constituted board, *de facto* officers (*San Joaquin L. & W. Co.* v. *Beecher*, 101 Cal. 70, [35 Pac. 349]; *Barrell* v. *Lake View Land Co.*, 122 Cal. 129, [54 Pac. 594]), the validity of whose acts is not subject to attack in an action of the character of that here involved.   (*San Jose Sav. Bank* v. *Sierra Lumber Co.*, 63 Cal. 179; 2 Cook on Corporations, 6th ed., sec. 623.)   Meetings held in violation of charter provisions have been held void.   Mr. Cook in his work on Corporations, sixth edition, section 589, in discussing such authorities, says: "It is the sounder view to regard the votes and proceedings at such a meeting as voidable rather than void. The corporation itself cannot allege that such proceedings are void.   It is estopped from so doing.   So, also, are the stockholders who participated in the meeting."   (To the same effect, see *Handley* v. *Stutz*, 139 U. S. 417, [35 L. Ed. 227, 11 Sup. Ct. Rep. 530]; *Heath* v. *Silverthorn Lead etc. Co.*, 39 Wis. 146; Thompson on Corporations, sec. 814.)   The stockholders' meeting in question, so far as disclosed by the record, was not in violation of any provision of the charter, but contrary to the by-laws which had been adopted by the stockholders.   Neither the corporation nor the stockholders, all of whom, as stated, were present and united in the election of this board of directors by unanimous vote of all the outstanding stock, as against plaintiff, who acquired the certificate in usual course, are in any position to assert as void the act of the board in issuing the stock to her vendor.

Third.   Appellant offered in evidence a document signed by J. F. Clark, E. E. Ragsdale, and one Joseph P. Smith, whereby Clark and Ragsdale agreed that Smith should have an option for a period of twelve months from August 5, 1911,

to purchase from said Clark and Ragsdale two hundred thousand shares of the capital stock of appellant corporation for the sum of two thousand dollars, to the introduction of which plaintiff's objection was sustained. No error is predicated upon this ruling. Waiving such omission, we perceive no error in the ruling for the reasons, first, that the agreement appears to have been made without any consideration therefor; and, second, there is nothing in the agreement showing that it had reference to the stock evidenced by certificate No. 167, issued to Clark long after the making of said agreement. We cannot assume that the fifty thousand shares of stock so purchased by plaintiff was in violation of this agreement made by Ragsdale and Clark, or if Smith exercised the option they would not deliver to him the stock as agreed. There was no error in the ruling of the court in excluding from evidence this document.

Fourth. It is next claimed that the stock in question so owned by Clark was subject to a pooling agreement signed by Clark. It is true a document was offered in evidence to which the signature of Clark was attached, providing that the stock and the certificates evidencing the same, owned by the signers thereof, should be deposited with ——, as trustee. Such pooling agreement, however, was never consummated, and the evidence clearly shows that certificate No. 167 was at all times up to the time when he delivered same to the plaintiff herein in the control and custody of Clark. There is no evidence of any circumstance that justified or excused the corporation for refusing to transfer the stock on demand of the plaintiff, and hence the cases of *Jennings* v. *Bank of California,* 79 Cal. 323, [12 Am. St. Rep. 145, 5 L. R. A. 233, 21 Pac. 852], and *Young* v. *New Standard etc. Co.,* 148 Cal. 306, [83 Pac. 28], have no application to the facts here presented.

Fifth. It must follow from what has been here said that whether or not plaintiff paid any consideration for the stock was no concern of appellant, and hence it was not error for the court to exclude any evidence as to the consideration paid therefor.

The judgment and order are affirmed.

Conrey, P. J., and James J., concurred.