[L. A. No. 11548.   In Bank.—December 4, 1929.]

B. C. STOCKWELL et al., Appellants, v. B. D. Mc-ALVAY, Respondent.

Newby & Newby for Appellants.

Andrew H. Rose and Harry M. Irwin for Respondent.

CURTIS, J.—Motion to dismiss appeal on the ground that the questions involved therein have become moot. There is no merit in the motion and it is denied.

Respondent contends that this action was brought to enjoin the voting of certain shares of stock of the Consumers Salt Company at the annual meeting of the stockholders of said company and that as the annual meeting of said company was held on July 16, 1928, and said shares of stock were voted at said meeting, the question of respondent's right to vote said stock presents merely an academic question after the election has been held. The action, however, was brought to restrain respondent from voting said shares of stock during the pendency of the appeal of an action entitled *B. D. McAlvay, Plaintiff and Respondent*, v. *Consumers Salt Company et al., Defendants and Appellants*, L. A. No. 10684. Said appeal is still pending, and it does not appear that there may not be meetings of said stockholders held in the future before the determination of said appeal, and that the right to vote said shares of stock at the future meeting of said stockholders may not be determined by the decision of the present appeal.

Respondent advances another ground for the dismissal of said appeal for the reason that the questions involved herein have become moot. This ground is based upon the fact that there is still a third action now pending on appeal in this court, and that the sole question involved in the appeal of this third action is the right of the respondent herein to vote said shares of stock, and that a decision of this question in that action will be determinative of the question presented on the appeal in the present action. Conceding this to be true, it furnishes no ground for the dismissal of the present appeal. We might say at this time that the action to which respondent refers is L. A. No. 11592, and is entitled *Consumers Salt Co. et al.* v. *J. R. Riggins, ante,* p. 537 [282 Pac. 954]. It was instituted for the purpose of obtaining a writ of mandate directed to one J. R. Riggins, commanding and directing him to turn over and deliver to the secretary of the Consumers Salt Company the office, records and other property of said com-

pany. We have just filed our opinion in said action and have decided the same in favor of the petitioners therein. In doing so, we followed the contention of said petitioners made in their petition for hearing after decision by the District Court of Appeal, (Cal. App.) 277 Pac. 352, that the right of McAlvay to vote said stock, or the validity of the election of the directors, declared elected at the stockholders' meeting on July 16, 1928, could not be raised in said *mandamus* proceeding.

Richards, J., Shenk, J., Seawell, J., Preston, J., Waste, C. J., and Langdon, J., concurred.