[L. A. No. 11592. In Bank.—December 4, 1929.]

CONSUMERS SALT COMPANY (a Corporation) et al., Petitioners, v. J. R. RIGGINS, Respondent.

Harry M. Irwin for Petitioners.

Newby & Newby and Dee Holder for Respondent.

CURTIS, J.—The facts in this case are not in dispute. Prior to the commencement of this action, one B. D. Mc-Alvay brought an action against B. C. Stockwell and the Consumers Salt Company for the purpose of quieting the title of the former to 225,000 shares of the capital stock of said Consumers Salt Company, a corporation. These shares of stock then stood in the name of Stockwell upon the books of said company, and were evidenced by certificate No. 40. That action resulted in a judgment in favor of McAlvay quieting his title to said stock as prayed for. Stockwell appealed from the judgment and, for the purpose of staying execution and in pursuance of the terms of section 944 of the Code of Civil Procedure, Stockwell sur-

rendered said certificate No. 40 and had issued in the place thereof certificate No. 47 for a like number of shares of the stock of said company. This last-named certificate was issued in the name of B. D. McAlvay and was by Stockwell deposited with the clerk of the court with whom judgment was entered to abide the judgment of the appellate court as provided by said last-mentioned section of the code. A written statement to this effect was entered upon the stock-books of the company and also upon said certificate No. 47. Thereafter and while said appeal was pending the regular annual meeting of the stockholders of said corporation was held for the purpose of electing a board of directors. The issued capital stock of said corporation at the date of said meeting consisted of 300,010 shares, 75,000 of which were held by C. L. Mullholand, one of the petitioners herein, 225,000 shares were represented by said certificate No. 47, and the remaining ten shares were held by various other persons for the purpose of qualifying them to act as directors. At this meeting of the stockholders just referred to, McAlvay and Mullholand and three other stockholders attended. Stockwell was not present. Those present, including McAlvay, purported to elect a full board of directors and later the persons declared elected directors at said stockholders' meeting met and elected Mullholand secretary. The respondent Riggins had, prior to said meeting, been the secretary of said company. Mullholand, after he had been declared elected secretary of said corporation, demanded of Riggins possession of the office, books, records and other paraphernalia of said company, which demand was refused by Riggins who now holds the possession of the said office, books, records and other paraphernalia, claiming that Mullholand was never legally elected secretary of said company and, therefore, has no legal right to any property of the company. This proceeding was, therefore, instituted in the District Court of Appeal for the purpose of compelling Riggins by writ of mandate to deliver to Mullholand the office and paraphernalia of said company which were then in his possession by virtue of his having been secretary of said company. After decision by the District Court of Appeal, (Cal. App.) 277 Pac. 352, the proceeding was transferred to this court.

It is conceded that whoever is the legally elected and acting secretary of the company is entitled to the office and records of said company. The case, therefore, hinges upon the question as to who was the legally elected and acting secretary of said company at the time said demand was made upon Riggins for the surrender of the possession of said office and property. It is not questioned but that Riggins, prior to the meeting of the board of directors of said corporation at which Mullholand was declared elected secretary, was the legally elected and acting secretary of said company. If, therefore, Mullholand was, at said meeting of the board of directors of said company, legally elected secretary, then the term of office of Riggins as secretary terminated at Mullholand's election, and Mullholand would be entitled to exercise from the date of his election all the rights and privileges of said office, including the right to the possession of the office and records of said corporation. On the other hand, if the election of Mullholand was not legal, then the respondent Riggins would continue as such secretary and he would be invested with all the rights, privileges and responsibilities of said office.

As we have already seen, Mullholand was elected secretary by the same persons who had been declared elected directors of said company at the annual meeting of its stockholders. At the meeting at which Mullholand was elected secretary these persons purported to act as the board of directors of said corporation under color of their election by the stockholders thereof. Even if we assume that their election as directors was illegal and, therefore, they were not *de jure* directors, they were, nevertheless, under the facts just stated, *de facto* directors of said corporation, and as such their acts were binding upon the corporation in all respects as if they were the *de jure* directors thereof.

"Where a person not eligible to the office is declared elected, and no stockholder objects or takes legal proceedings to test the right to the office, and such person is allowed to perform the duties of his office, he becomes an officer *de facto*. As such his acts cannot be objected to on the ground that he was not a legally elected director. Neither corporate creditors, nor the corporation, nor the stockholders, nor the director himself, are allowed to raise this objection in that manner. The remedy is to oust him by *quo warranto*

or to enjoin him as a usurper. But after he is allowed to become a *de facto* director, his title to office cannot be attacked collaterally, nor can his acts be repudiated on that ground. A director, as a *de facto* director, may bind the company by his acts, if allowed to continue in his position." (2 Cook on Corporations, 7th ed., p. 1894.) "A *de facto* officer is one who has the reputation and position of the officer he assumes to be, and yet is not entitled to the office in point of law. A *de jure* officer is one who has the lawful right to the office, but who has either been ousted from it or has never actually taken possession of it. An officer is *de facto* when the statute under which he holds office is unconstitutional, or when he was elected but was ineligible, or was irregularly or illegally elected. . . . A director as a *de facto* director may bind the company by his acts, if allowed to continue in his position. And, in general, the contracts of all officers *de facto,* acting within the sphere of their office, are binding upon the corporation." (3 Cook on Corporations, 7th ed., pp. 2442–2444.) "Persons who hold office as directors, with the consent of the corporation and under color of an election or appointment, are *de facto* officers, although their election or appointment may have been illegal, and their acts as such in so far as third persons are concerned, are just as valid and binding upon the corporation as if they were directors *de jure.* . . . Assessments or calls by a *de facto* board of directors are valid. Appointment of an agent or subordinate officer by a *de facto* board of directors has the same effect as if made by a *de jure* board." (3 Clark & Marshall on Private Corporations, sec. 662, p. 2035.)

The courts of this state have consistently held in accordance with the rule enunciated by the authors of these two well-known text-books. (*San Jose Sav. Bank* v. *Sierra L. Co.,* 63 Cal. 179; *San Joaquin etc. Co.* v. *Beecher,* 101 Cal. 70 [35 Pac. 349]; *Barrell* v. *Lake View Land Co.,* 122 Cal. 129 [54 Pac. 594]; *Balfour-Guthrie Co.* v. *Woodworth,* 124 Cal. 169 [56 Pac. 891]; *Sherwood* v. *Wallin,* 154 Cal. 735 [99 Pac. 191]; *Chandler* v. *Hart,* 161 Cal. 405 [Ann. Cas. 1913B, 1094, 119 Pac. 516]; *Hygienic Health Food Co.* v. *Grant,* 187 Cal. 431 [202 Pac. 653]; *Jones* v. *Peck,* 63 Cal. App. 397 [218 Pac. 1030].)

In *Balfour-Guthrie Co.* v. *Woodworth, supra,* the court· at page 172 of 124 Cal., of the opinion, stated the rule of this state in the following language, ''The objection of the defendant to the regularity of the stockholders' meeting at which the directors were elected was properly overruled. For the purposes of this action it was immaterial whether this meeting was properly called or not, or whether the election was by the stockholders in person or by proxy, or whether the proxies were sufficient in form to entitle the holders to vote at the election. The records of the corporation show that five persons were elected at that meeting to serve as its directors, and whether their election was regular or not, they assumed the trust and became at least *de facto* directors. So long as they held this position unchallenged by any member of the corporation, their acts as directors .were binding upon the corporation, and upon strangers dealing with it. (*San Jose Sav. Bank* v. *Sierra Lumber Co.,* 63 Cal. 179.)''

This language is most apt when applied to the facts in this case. For the purpose of this action it is immaterial whether McAlvay had the right to vote at the annual meeting of the stockholders of said corporation the stock represented by said certificate No. 47 or not. He was present at said meeting with the other stockholders, and they proceeded without objection from anyone, so far as the record shows, to elect a board of directors of said corporation. The persons so chosen thereafter organized as the board of directors of said corporation and at a meeting of said board elected the petitioner Mullholand secretary of said company. In acting under their purported election at said stockholders' meeting, they assumed to act as such directors and were at least *de facto* directors of said corporation. Their acts, as we have seen, cannot be collaterally attacked by the corporation or by third persons.

A summary proceeding has been provided by section 315 of the Civil Code whereby the right of a person claiming to have been elected a director of a corporation existing under the laws of this state can be inquired into and if found to be illegal, it may be set aside and a new election called. Originally *quo warranto* proceedings were the sole remedy whereby the right of a person assuming to act as a director might be tested. Whether these are the only proceedings

now open to one "grieved by any election held by any corporate body," it is not necessary for us to here decide. These proceedings just mentioned are direct proceedings brought for the purpose of determining the legality of the election of one purporting to be a director. By means of those proceedings, and particularly by that provided by section 315 of the Civil Code, any stockholder dissatisfied with the result of any election may have his grievances inquired into by a court and the validity of the election determined. But this cannot be done by a collateral attack upon the officer's right to hold his office like that now before us. The authorities already mentioned support this statement, especially the case of *San Jose Sav. Bank* v. *Sierra Land Co., supra,* where we find the following statement of the law by this court, "It may be that on a direct proceeding to determine Hayward's right to hold the position of director a judgment of ouster would have been entered against him, but his title to the place cannot be tried in this action, or impeached collaterally. Until he was ousted on a direct proceeding he was a director *de facto.*"

█ It is true that in the proceeding the petitioners are asking for a writ of mandate and that in order to entitle them to this extraordinary remedy the legal right of petitioners to the performance of the act sought to be compelled must be clear and complete. In such a proceeding, the petitioners must prove every fact that forms the basis of their claim to the issuance of the writ. (16 Cal. Jur., p. 869.) But this the petitioners have done by showing that Mullholand had been elected secretary at a meeting of the board of directors of the corporation, which board of directors, at the annual meeting of the stockholders, had been declared elected directors.

Under these authorities, we are satisfied that this petition for a writ of mandate must be granted. In arriving at this conclusion, we are aware of the fact that this point was only faintly urged by the petitioners, and that counsel on neither side has appeared to consider this question of controlling importance in the case. Their briefs have been principally devoted to the question as to the right of McAlvay to vote the 225,000 shares of stock represented by certificate No. 47 at the meeting of the stockholders called for the purpose of electing a board of directors. As al-

ready indicated, this question is not before us in the present proceeding.

Let the writ of *mandamus* issue as prayed for.

Richards, J., Shenk, J., Seawell, J., Preston, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.