[L. A. No. 11592. In Bank.—July 21, 1930.]

CONSUMERS SALT COMPANY (a Corporation) et al., Petitioners, v. J. R. RIGGINS, Respondent.

Harry M. Irwin for Petitioners.

Newby & Newby and Dee Holder for Respondent.

THE COURT.—On December 4, 1929, this court filed its opinion and judgment in the above-entitled cause ordering a peremptory writ of mandate to issue directing the respondent Riggins to turn over and deliver to his successor in the office of secretary of the Consumers Salt Company the office and paraphernalia, together with the corporate books, papers, files and seal of the company. (208 Cal. 537

[282 Pac. 954].) After due demand made therefor, the respondent disregarded and failed to comply with the terms of the decision and judgment. The petitioners thereupon obtained an order directing the respondent and one V. E. Stockwell to show cause before this court why they should not be adjudged in contempt, and a citation was duly issued. Many affidavits and counter-affidavits were filed, and considerable difficulty was experienced in securing service on the respondent Riggins, service finally being made upon his attorney by order of the court.

When the matter was finally heard in open court, the respondents Riggins and Stockwell being personally present, an order was made directing them to bring into court and deliver to the custody of the clerk of the court the records, books, files and corporate seal of the company, to await the determination of the contempt proceeding. That order was complied with. No further proceedings having been had, and no cause having been shown why the books, files, papers and seal of the Consumers Salt Company now in the possession of the clerk of this court should not rightfully be turned over and delivered to the petitioner C. L. Mullholand, whom this court has determined in the above decision to be entitled thereto as the secretary of the Consumers Salt Company, it is ordered that the clerk of this court forthwith turn over and deliver said records, books, papers, files and corporate seal, and any other property belonging to the corporation and in his custody, to the said Mullholand, and that thereupon the order to show cause and citation heretofore issued in this matter be discharged.