[Civ. No. 9332. Second Appellate District, Division One.—December 6, 1933.]

JOSEPH SOMO et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Willcox & Judson for Petitioners.

Everett W. Mattoon, County Counsel, Beach Vasey, Deputy County Counsel, and Victor A. Berry for Respondents.

HOUSER, J.—As they affect the application herein for a writ of prohibition, the facts are not in dispute; but that situation is not true with reference to the basic facts upon which it is alleged that the lower court is about to act on a petition presented to it for a writ of mandate, and as incidental thereto, the issuance of a temporary restraining order or an injunction *pendente lite*. More particularly, from the petition for a writ of prohibition and the answer thereto presented to this court, it appears that as the proposed result of a petition for a writ of mandate the lower court summarily, and without a trial of the involved issues of fact, is about to issue its order by which the petitioners herein, Somo and Strauss, who are not only assuming to act, but in fact acting, as the president and secretary respectively of Maywood Mutual Water Company No. 1, a corporation, and as such in possession of the office, office equipment, records, files, etc., of such corporation, will be required to surrender the same to Goodway and Butler, who likewise assert their right to act in the capacities of president and secretary respectively of the same corporation; and that the said Somo and Strauss desist from the collection by them, or by either of them, of bills of account owing to said corporation.

The record in the lower court shows that Goodway and Butler claim the right to said offices respectively by virtue of the result not only of a referendum election instituted against Somo and Strauss, in their said respective capacities, but as well that Goodway and Butler also assert their alleged rights founded upon the result of an election by

the stockholders of the said corporation at a meeting thereof claimed to have been regularly and legally called and conducted. On the other hand, by their answer to the petition for such writ of mandate and injunction, Somo and Strauss, both generally and specifically, denied practically each and every issuable fact essential to the establishment of the asserted right of Goodway and Butler. In addition thereto, by their affirmative answer to said petition for a writ of mandate, Somo and Strauss alleged that at another recently called and conducted meeting of the stockholders of the corporation, certain directors thereof were elected, who thereupon proceeded to and did regularly and legally re-elect Somo the president, and Strauss the secretary, of said corporation; and that thereupon they accepted such respective offices and are now acting as such officers. It thus appears that Somo and Strauss are in office, at least as hold-overs, and that they claim that in due and legal form they have been re-elected to their respective office; while neither Goodway nor Butler ever has occupied either of said offices, but claims the right thereto by virtue of other elections.

From time immemorial, as popularly expressed, "possession is nine points of the law". Although not in identical language, but as far as affects the instant litigation, that policy has been enacted into statutory law, as substantially set forth both in subdivision 6 of section 526 of the Code of Civil Procedure, and in subdivision 6 of section 3423 of the Civil Code, wherein it is provided that "an injunction cannot be granted . . . to prevent the exercise of a public or private office, in a lawful manner, by the person in possession".

In 32 Corpus Juris, at page 239, the rule, with appropriate citations affecting each of the different propositions there laid down, is stated as follows:

"In the absence of special legislation, officers of a corporation will not be enjoined from acting as such within their chartered powers and in the exercise of discretion, for malfeasance in office or other reasons, even though they are only *de facto* officers, for the reason that there is an adequate remedy at law by *quo warranto*. It is not the province of equity to decide the right to an office, although it may do so as an incident to matters otherwise within its

jurisdiction; and while there is some authority to the contrary, it has very generally been held that, where an injunction to prevent an officer from acting as such is really to test the validity of his election, it will be refused."

It is true that a decision contrary to the inhibitions contained in the statutes to which reference has been had may appear to have been made in the case of *Consumers Salt Co.* v. *Riggins,* 208 Cal. 537 [282 Pac. 954]. But on examination of the foundation for such ruling, it will be observed that the facts therein were "not in dispute"; which situation does not obtain in the instant case. To the contrary, as hereinbefore has been indicated, practically every material fact upon which a decision of the rights of the respective parties to the instant litigation could be founded actually is in dispute.

It is apparent that in the proceedings in the lower court a correct determination of the rights of the respective parties necessarily involves not only a decision of several important and essential questions of law, but as precedent thereto, and as a foundation therefor, likewise requires a conclusion as to each of many different issues of fact. In view of the fact that Somo and Strauss, petitioners herein, are now in possession of the respective offices which are the subject of the controversy, together with the situation that practically every material fact upon which a final conclusion regarding the respective rights of the parties to the action depends is in dispute, it is thought that the statutory provisions to which attention has been directed are so clearly applicable and mandatory as to indicate a lack of jurisdiction in the lower court, in the absence of a trial or judicial hearing as to the issues involved, to enter its summary order by which the persons in *de facto* possession of the offices of the corporation effectually will be dispossessed thereof and their powers and emoluments, as such, if any, transferred to others.

It is ordered that the demurrer interposed by the respondents to the petition herein be, and it is, overruled. It is further ordered that, preceding a hearing and determination by it of the issues of law and of fact presented by the proceedings in the lower court, the respondents Superior Court of the County of Los Angeles and the judge thereof, be, and each of them is, prohibited from making or issuing

or entering any order in the proceeding referred to herein by which Somo and Strauss, or either of them, will be restrained or prevented from exercising the duties of the respective offices of president and secretary of the said corporation.

Conrey, P. J., and York, J., concurred.